OLIVER v SMITH

Docket No. 292585. Submitted October 12, 2010, at Grand Rapids.
Decided November 23, 2010, at 9:00 a.m.

Gary Oliver filed a complaint in the Wayne Circuit Court against
police officer Cory Smith and others, asserting claims of assault
and battery, negligence, and civil rights violations arising out of
Smith's alleged use of excessive force when arresting Oliver. Smith
moved for summary disposition under MCR 2.116(C)(7) and (10),
arguing that he was entitled to governmental immunity under
MCL 691.1407(2) and (7) because his conduct in handcuffing
Oliver during the arrest had not amounted to gross negligence.
The court, John A. Murphy, J., denied the motion without preju-
dice, concluding that while Oliver had not produced documentary
evidence establishing a genuine issue of material fact regarding
whether Smith's conduct caused Oliver to suffer an injury, sum-
mary disposition was premature because discovery had not been
completed and Oliver still had time to produce documentary
evidence of an injury. Smith appealed. The Court of Appeals
affirmed, holding that handcuffing a person too tightly may
constitute gross negligence for purposes of governmental immu-
nity if physical injury resulted. The Court of Appeals also held that
Smith had failed to meet his initial burden of providing evidence in
support of his motion for summary disposition, however the Court
of Appeals also indicated that Smith might be entitled to summary
disposition at the conclusion of discovery. 269 Mich App 560
(2006). Following the continuation of discovery in the trial court,
Smith filed another motion for summary disposition, which the
trial court denied. The trial court concluded that evidence that
Smith had laughed when Oliver complained that the handcuffs
were on too tightly suggested that Smith may not have been acting
in good faith, and thus there was a question of material fact for the
jury. The trial court also held that the handcuffing had been a
ministerial, as opposed to a discretionary, act. Smith appealed.

The Court of Appeals *held*:

1. Smith is a lower-level governmental employee not entitled
to the absolute immunity provided by MCL 691.1407(5).

2. Smith was acting within the scope of his authority and was discharging a governmental function while arresting Oliver and taking him into custody.

3. There was no evidence establishing that it was Smith's acts alone that were the one most immediate, efficient, and direct cause preceding Oliver's injury. Because it cannot be said that Smith's acts constituted the proximate cause of Oliver's injuries, Smith met his burden of proof in establishing his entitlement to governmental immunity under MCL 691.1407(2). The trial court erred by not granting Smith's motion for summary disposition of Oliver's gross negligence claim under MCR 2.116(C)(7).

4. The question with regard to the assault and battery claim is whether Smith acted in good faith when he selected how tightly to handcuff Oliver, not whether Smith had a good-faith basis for handcuffing Oliver. Under the facts indicating that the police officers were faced with an unruly individual who was verbally belligerent, actively disturbing a police inquiry, and creating a dangerous situation for the officers, and who was intent on physically resisting the arrest, it is likely that Oliver caused his own injuries by his repeated efforts to physically thwart the officers' attempts to restrain him. Considering the vast array of emotions that Smith's laughter could signify and viewing the evidence in the light most favorable to Oliver, Oliver's reliance on the laughter alone, without more, did not create a justiciable question of fact with regard to whether Smith had acted in good faith when he placed the cuffs on Oliver.

5. Although handcuffing a person under normal circumstances incident to an arrest without resistance may be a ministerial act, Oliver's conduct in this case together with the concern for the officers' safety transformed the act of handcuffing Oliver into a discretionary act. Smith's actions were discretionary actions to which governmental immunity applied.

Reversed.

1. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — TORTS — NEGLIGENT TORTS — WORDS AND PHRASES — PROXIMATE CAUSE.

A trial court, when a defendant raises the affirmative defense of individual governmental immunity to a negligent-tort claim, must determine if the defendant caused an injury or damage while acting in the course of employment or service or on behalf of the defendant's governmental employer and whether (1) the defendant was acting or reasonably believed that he or she was acting within the scope of his or her authority, (2) the governmental agency was engaged in the exercise or discharge of a governmental

function, and (3) the defendant's conduct amounted to gross negligence that was the proximate cause of the injury or damage; "proximate cause," in this context, is the one most immediate, efficient, and direct cause preceding the injury or damage (MCL 691.1407[2]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — TORTS — INTENTIONAL TORTS.

A trial court, when a defendant raises the affirmative defense of individual governmental immunity to an intentional-tort claim, must determine whether the defendant established that he or she is entitled to individual governmental immunity by showing (1) the acts were undertaken during the course of employment and the defendant was acting, or reasonably believed that he or she was acting, within the scope of his or her authority, (2) the acts were undertaken in good faith, or were not undertaken with malice, and (3) the acts were discretionary, as opposed to ministerial.

3. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — WORDS AND PHRASES — GROSS NEGLIGENCE.

"Gross negligence" by a governmental employee, for purposes of governmental immunity, involves conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results; the issue is a factual question for the jury if reasonable jurors could honestly reach different conclusions regarding whether the subject conduct constituted gross negligence; the issue may be determined by the court in response to a motion for summary disposition if reasonable minds could not differ regarding whether the subject conduct constituted gross negligence.

4. GOVERNMENTAL IMMUNITY — GOVERNMENTAL EMPLOYEES — TORTS — INTENTIONAL TORTS.

A governmental employee enjoys a qualified right to immunity with regard to alleged intentional torts if (1) the employee's challenged acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he or she was acting, within the scope of his or her authority, (2) the acts were undertaken in good faith, or were not undertaken with malice, and (3) the acts were discretionary, rather than ministerial, in nature; the "good faith" element is subjective in nature.

*Law Offices of Scott E. Combs* (by *Scott E. Combs*) for Gary Oliver.

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Joseph Nimako* and *Jeffrey R. Clark*), for Cory Smith.

Before: MURRAY, P.J., and K. F. KELLY and DONOFRIO, JJ.

PER CURIAM. In this tort action alleging excessive use of force by a police officer, defendant Cory Smith appeals as of right the trial court's order denying his motion for summary disposition based on governmental immunity. This is the second time that this case is before this Court. This Court previously affirmed the trial court's order denying a previous motion for summary disposition made by defendant.[1] *Oliver v Smith*, 269 Mich App 560; 715 NW2d 314 (2006). Because the trial court erred by denying defendant's motion for summary disposition, we reverse.

The facts underlying this appeal were summarized in our previous opinion:

> The events giving rise to this appeal occurred on November 9, 2001. On that date, defendant, an officer with the Dearborn Heights Police Department, arrested plaintiff for interfering with a police officer after plaintiff was disruptive and uncooperative while defendant and another officer attempted to administer field sobriety tests to the driver of a vehicle in which plaintiff was a passenger. As a result of the arrest, plaintiff filed a complaint against the city, the police department, and two police officers, including defendant. The complaint contained claims of assault and battery, negligence, and civil rights violations. In the complaint, plaintiff alleged that defendant used excessive force when he arrested him because he intentionally handcuffed plaintiff's wrists too tightly with the intent to inflict harm. The complaint further alleged that defendant's use of excessive force caused plaintiff to suffer physical and mental injuries. [*Id.* at 561-562.]

---

[1] References to "defendant" in the singular are to Smith alone.

Defendant Smith advanced his previous motion for summary disposition under MCR 2.116(C)(7) and (10), arguing that he was entitled to governmental immunity under the governmental immunity act, MCL 691.1401 *et seq.*, because his conduct did not amount to gross negligence under MCL 691.1407(2)(c) and (7)(a). The trial court denied the motion. In so ruling, the court noted that plaintiff failed to produce documentary evidence to establish a genuine issue of material fact regarding whether defendant's conduct caused plaintiff to suffer an injury. However, the court, in essence, concluded that summary disposition was premature because discovery was not complete and plaintiff still had time to produce documentary evidence of injury.[2]

Defendant appealed as of right the denial of his previous motion for summary disposition. On appeal, this Court affirmed the trial court's ruling. In reaching this result, this Court held that handcuffing an individual too tightly may constitute gross negligence for purposes of governmental immunity if physical injury results, and we also held that defendant failed to meet his initial burden of providing evidence in support of his motion for summary disposition. *Oliver*, 269 Mich App at 566-568. However, this Court indicated that defendant might be entitled to summary disposition at the conclusion of discovery:

> Because the trial court denied defendant's motion for summary disposition without prejudice, both parties will have sufficient opportunity to compile additional evidence, and, if he so desires, defendant can bring another motion for summary disposition at the end of the discovery period. [*Id.* at 568.]

---

[2] The trial court granted summary disposition in favor of all defendants except Smith on plaintiff's state-law claims. The federal issues raised in the case were removed to a federal court. Thus, only the state-law claims against defendant are in dispute here.

At the end of the discovery period, defendant filed another motion for summary disposition, which the trial court denied. Defendant has again appealed as of right in this Court.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003). "With regard to a motion for summary disposition pursuant to MCR 2.116(C)(7), this Court reviews the affidavits, pleadings, and other documentary evidence presented by the parties and 'accept[s] the plaintiff's well-pleaded allegations, except those contradicted by documentary evidence, as true.'" *Young v Sellers*, 254 Mich App 447, 449-450; 657 NW2d 555 (2002), quoting *Novak v Nationwide Mut Ins Co*, 235 Mich App 675, 681; 599 NW2d 546 (1999). In ruling on a motion for summary disposition under MCR 2.116(C)(10), "a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party." *Scalise v Boy Scouts of America*, 265 Mich App 1, 10; 692 NW2d 858 (2005). Summary disposition is appropriate under MCR 2.116(C)(10) when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law."

The Supreme Court in *Odom v Wayne Co*, 482 Mich 459, 479-480; 760 NW2d 217 (2008), set forth the following steps that a court must follow when a defendant raises the affirmative defense of individual governmental immunity:

> (1) Determine whether the individual is a judge, a legislator, or the highest-ranking appointed executive official at any level of government who is entitled to absolute immunity under MCL 691.1407(5).

(2) If the individual is a lower-ranking governmental employee or official, determine whether the plaintiff pleaded an intentional or a negligent tort.

(3) If the plaintiff pleaded a negligent tort, proceed under MCL 691.1407(2) and determine if the individual caused an injury or damage while acting in the course of employment or service or on behalf of his governmental employer and whether:

(a) the individual was acting or reasonably believed that he was acting within the scope of his authority,

(b) the governmental agency was engaged in the exercise or discharge of a governmental function, and

(c) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage.

(4) If the plaintiff pleaded an intentional tort, determine whether the defendant established that he is entitled to individual governmental immunity under the *Ross* [*v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984)] test by showing the following:

(a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,

(b) the acts were undertaken in good faith, or were not undertaken with malice, and

(c) the acts were discretionary, as opposed to ministerial.

Following the steps provided in *Odom*, we first observe that defendant is indisputably a lower-level governmental employee not entitled to the absolute immunity provided by MCL 691.1407(5). It is also plain that plaintiff pleaded both negligent and intentional torts. We will address both alleged torts in turn.

As was clarified in *Odom*, in order to determine whether defendant is entitled to summary disposition under MCR 2.116(C)(7), the proper inquiry is whether

defendant has met his burden of proof in establishing that he is entitled to governmental immunity as a matter of law. *Odom*, 482 Mich at 479. Governmental immunity from negligence claims applies to officers of a governmental agency when they are acting, or reasonably believe they are acting, within the scope of their employment, they are exercising or discharging a governmental function, and their conduct does not amount to gross negligence that is the proximate cause of the injury or damage. *Id.* at 479-480; MCL 691.1407(2). Here, there is no doubt that defendant was acting within the scope of his authority and was discharging a governmental function during the time he was arresting plaintiff and taking him into police custody. Thus, the only remaining question with regard to the gross-negligence claim is whether defendant's conduct amounted to gross negligence that was the proximate cause of the injury or damage.

For the purpose of governmental immunity, "gross negligence" by an employee involves "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a); *Costa v Community Emergency Med Servs, Inc*, 475 Mich 403, 411; 716 NW2d 236 (2006). It has been characterized as a willful disregard of safety measures and a singular disregard for substantial risks. *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004). If reasonable jurors could honestly reach different conclusions regarding whether conduct constitutes gross negligence, the issue is a factual question for the jury. However, if reasonable minds could not differ, the issue may be determined by a motion for summary disposition. *Jackson v Saginaw Co*, 458 Mich 141, 146-147; 580 NW2d 870 (1998). When this case was first before this Court, we held "that a police officer's conduct of handcuffing an individual too tightly does not constitute gross

negligence unless physical injury results," and the case then continued in the trial court with the completion of discovery. *Oliver*, 269 Mich App at 566.

In the trial court, plaintiff presented evidence that he suffered from continuing pain and decreased strength and range of motion, as well as wrist abrasions apparent immediately after his arrest. We held in our previous opinion in this case: "Evidence that handcuffing caused some pain but not injury is insufficient to establish excessive force in applying the handcuffs; if injury is minimal or nonexistent, then the force creating it must also be minimal and, therefore, not excessive." *Id.* at 566. The evidence presented by plaintiff was generally subjective and difficult to verify. However, if plaintiff's complaints are believed, then he has suffered more than "some pain" and minimal injury and has suffered an injury that affects his ability to work and perform daily activities. Because the question turns on plaintiff's credibility, it would be proper to submit to a jury if the alleged gross negligence was the proximate cause of the injury or damage.

Proximate cause in the context of MCL 691.1407(2) refers to the cause that is "the one most immediate, efficient, and direct cause preceding an injury." *Robinson v Detroit*, 462 Mich 439, 459; 613 NW2d 307 (2000). Taking the evidence in the light most favorable to plaintiff, there was simply no evidence establishing that it was defendant's acts alone that were "the one most immediate, efficient, and direct cause preceding [plaintiff's] injury." *Id.* The record evidence shows that plaintiff got out of the vehicle and began yelling at the officers to let the driver go after the police stopped the vehicle. Plaintiff was belligerent and failed to comply with the officers' orders to remain in the vehicle, making it unsafe for them to continue the field sobriety

tests of the driver. The police attempted to arrest plaintiff for hindering that process but plaintiff refused to place his hands behind his back so that he could be handcuffed. Defendant managed to place one cuff on plaintiff's right wrist, but plaintiff then began to pull away. Accordingly, a second officer had to help defendant pull plaintiff's left arm behind his back in order to handcuff plaintiff. As a result, plaintiff was also arrested for resisting arrest. Plaintiff does not seem to dispute the majority of the police evidentiary account of what occurred during the arrest but adds that defendant threw him to the ground in order to handcuff him.

Under these circumstances, it cannot be said that defendant's acts alone were "the one most immediate, efficient, and direct cause preceding [plaintiff's] injury." *Robinson*, 462 Mich at 459. The wrist and hand injury is not clearly attributable to defendant alone and instead may just as fairly be attributed to plaintiff. The facts as developed clearly indicate that plaintiff was actively resisting arrest and the record indicates that plaintiff's injuries were just as likely caused by his own efforts to thwart the officers' attempts to restrain him. Plaintiff could have caused his own injuries when he: (1) refused to place his hands behind his back to allow the officers to handcuff him and the officers had no other option but to pull plaintiff's left arm, wrist, and hand behind his back, (2) continued to resist when he pulled away from the officers after defendant was able to affix the first cuff, or (3) forced the officers to restrain him on the ground after he continued to refuse to submit to the officers' orders. Because, even when reviewing the facts in the light most favorable to plaintiff, it cannot be said that defendant's acts constituted the proximate cause of plaintiff's injuries, defendant has met his burden of proof in establishing entitlement to governmental immunity under MCL 691.1407(2). The trial court there-

fore erred by not granting defendant's motion for summary disposition of plaintiff's "gross negligence" claim under MCR 2.116(C)(7).

In *Odom*, 482 Mich at 480, our Supreme Court stated that the proper method for determining whether governmental immunity applies to intentional torts (such as assault and battery) is to apply the test set forth in *Ross*. The *Odom* Court stated that employees enjoy a qualified right to immunity if (1) the employee's challenged acts were undertaken during the course of employment and the employee was acting, or reasonably believed he or she was acting, within the scope of his or her authority, (2) the acts were undertaken in good faith, or were not undertaken with malice, and (3) the acts were discretionary, rather than ministerial, in nature. *Odom*, 482 Mich at 480 citing *Ross*, 420 Mich at 633.

With regard to the assault and battery claim, defendant was clearly acting during the course of his employment and within the scope of his authority. The parties' primary disagreement is whether defendant was acting in good faith when he handcuffed plaintiff. "The good-faith element of the *Ross* test is subjective in nature. It protects a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Odom*, 482 Mich at 481-482. Here, the trial court concluded that plaintiff's evidence that defendant laughed when he complained that the handcuffs were on too tightly suggested that defendant may not have been acting in good faith, and thus, there was a question of material fact for a jury.

Defendant's argument in response focuses on whether he honestly believed there was a need to handcuff plaintiff, but that is not the issue in question.

Under *Ross*, what is in question is whether defendant acted in good faith when he selected how tightly to handcuff plaintiff, not whether defendant had a good-faith basis for handcuffing plaintiff. Plaintiff relies solely on defendant's laughter when plaintiff informed him that the handcuffs were too tight to suggest that defendant's decision in that regard may not have been made in good faith. But defendant's laughter after plaintiff's complaint could just as fairly indicate his disbelief of plaintiff, thinking that if he loosened the handcuffs, plaintiff might again endeavor to resist, thereby creating another dangerous situation that defendant was not willing to risk. The laughter could also indicate that defendant was flabbergasted with plaintiff after plaintiff's obstreperous behavior, and had nothing to do with his previous act of cuffing plaintiff. When looking at the situation as a whole, the officers were faced with an unruly individual who was verbally belligerent, actively disturbing a police inquiry, and creating a dangerous situation for the officers involved. Plaintiff was intent on physically resisting arrest and as a result, plaintiff's injuries were just as likely caused by his own repeated efforts to physically thwart the officers' attempts to restrain him and regain control of the situation. Under these facts, considering the vast array of emotions defendant's laughter could signify, even when viewing the evidence in the light most favorable to plaintiff, plaintiff's reliance on the laughter alone, without more, did not create a justiciable question of fact with regard to whether defendant acted in good faith when he placed the cuffs on plaintiff.

Defendant also contends that the trial court erred when it concluded that handcuffing was a ministerial, as opposed to a discretionary, act. " 'Discretionary-decisional' acts are those which involve significant decision-making that entails personal deliberation, de-

cision, and judgment. 'Ministerial-operational' acts involve the execution or implementation of a decision and entail only minor decision-making." *Ross*, 420 Mich at 592. In reaching its conclusion, the trial court relied on *Watson v Quarles*, 146 Mich App 759; 381 NW2d 811 (1985). Citing *Ross*, *Watson* held that an officer's decision concerning what type of action to take, e.g., to make an arrest, issue a warning, or wait for assistance, is a discretionary act entitled to immunity. However, the execution of that decision is merely a ministerial act. *Id.* at 764-765. This Court has also observed that, "[i]t was generally conceded in *Ross* that a police officer's use of excessive force in effectuating an arrest is a ministerial act and not entitled to the cloak of immunity." *Butler v Detroit*, 149 Mich App 708, 718; 386 NW2d 645 (1986). Here, defendant was faced with an aggressive individual who was intent on physically and forcefully resisting the officers' efforts to restrain him. While handcuffing an individual under normal circumstances incident to an arrest without resistance may be a ministerial act, plaintiff's conduct in this case, given his belligerent attitude, physical resistance to being arrested, and defiant refusal to put his arms behind his back to be handcuffed, together with the concern for the officers' safety transformed the act of handcuffing plaintiff into a discretionary act. Under these circumstances, defendant's actions, in deciding how to respond to plaintiff, safely defuse the situation, and effectuate a lawful arrest of plaintiff as he resisted, were clearly discretionary. Accordingly, it is a decision to which governmental immunity applies.

Reversed. Defendant, being the prevailing party, may tax costs pursuant to MCR 7.219.