# STATE OF MICHIGAN

# COURT OF APPEALS

MARY SUTTON,

       Plaintiff-Appellee,

v

SHANNON ROSE WILLIAMS, NICHOLE
MARIE WILLIAMS, a/k/a NICHOLE MARIE
GARRETT, and RPM AUTO SALES, INC.,

       Defendants-Appellees,

and

FARM BUREAU MUTUAL INSURANCE
COMPANY OF MICHIGAN,

       Defendant-Appellant.

UNPUBLISHED
June 18, 2015

No. 320090
Oakland Circuit Court
LC No. 2013-131886-NI

Before: METER, P.J., and CAVANAGH and WILDER, JJ.

PER CURIAM.

Defendant Farm Bureau Mutual Insurance Company of Michigan appeals by leave granted the circuit court's order denying its motion for summary disposition. We affirm.

Defendant RPM Auto Sales, Inc., sold a vehicle to defendant Nichole Garrett. It later repossessed the vehicle, but Garrett did not turn in the certificate of title and RPM did not apply for a new certificate of title. RPM sold the vehicle to defendant Shannon Williams in September 2011. On September 12, 2011, Williams was driving the vehicle when she was involved in an accident with plaintiff. In October 2011, RPM obtained a certificate of title to the vehicle pursuant to MCL 257.236a, and it reacquired the car from Williams in November 2011.

Plaintiff sought damages from Garrett and RPM, as the owners of the vehicle, under the owner's liability statute, MCL 257.401. That statute is part of the Motor Vehicle Code (MVC), MCL 257.1 *et seq.*, and, for purposes of the MVC, the term "owner" is defined by MCL 257.37. Plaintiff also sought damages from Farm Bureau, her no-fault insurer, under a provision for uninsured motorist benefits. Farm Bureau moved for summary disposition on the ground that RPM was an "owner" of the vehicle as that term is defined by MCL 257.37; Farm Bureau argued

-1-

that because RPM was insured, plaintiff was not entitled to uninsured motorist benefits.[1]  The trial court denied the motion.[2]

A trial court's ruling on a motion for summary disposition is reviewed de novo on appeal. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010).  Although Farm Bureau brought its motion under MCR 2.116(C)(8) and (10), it did not challenge the legal sufficiency of plaintiff's complaint and the trial court treated the motion as having been brought under (C)(10). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim.  *Smith v Globe Life Ins Co,* 460 Mich 446, 454; 597 NW2d 28 (1999), superseded on other grounds by MCL 445.904(3).  "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).  When reviewing a motion under subrule (C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant record evidence in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists warranting a trial. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).  "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

Farm Bureau asks us to determine that RPM was an "owner" of the vehicle under MCL 257.37 and other statutes and thus find that, because RPM was insured, Farm Bureau cannot be liable for uninsured motorist benefits.  The definition of "owner" under MCL 257.37 is relevant for determining RPM's liability to plaintiff under the owner's liability statute, but it is not clear that that definition or other statutory definitions have any applicability to the *policy* at issue. Indeed, "[b]ecause uninsured motorist benefits are not required by statute, interpretation *of the policy* dictates under what circumstances those benefits will be awarded." *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 525; 502 NW2d 310 (1993) (emphasis added).  If the term "owner" is not defined by the policy, is to be given "its commonly understood meaning" as determined by reference to dictionary definitions. *Twitchel v MIC Gen Ins Corp (Twitchel II)*, 469 Mich 524, 534-535; 676 NW2d 616 (2004).  In *Twitchel v MIC Gen Ins Corp (Twitchel I)*, 251 Mich App 476, 485; 650 NW2d 428 (2002), reversed by *Twitchel II, supra*, this Court first determined that the decedent driver was not an "owner" of the vehicle under MCL 500.3101(2)(g), now MCL 500.3101(2)(k),[3] for purposes of determining his right to first-party no-fault benefits.  The Court then had to determine whether the decedent driver was entitled to uninsured motorist benefits; the policy excluded benefits for an insured occupying an uninsured

---

[1] Williams's status as an insured or uninsured driver is unknown.

[2] The trial court also denied RPM's motion for summary disposition with respect to plaintiff's claim against it under the owner's liability statute and dismissed Garrett from the proceedings. Those rulings are not at issue in this appeal.

[3] MCL 500.3101(2)(k)(*i*) is substantially similar to MCL 257.37(a); it defines the term "owner" to include "[a] person renting a motor vehicle or having the use of a motor vehicle, under lease or otherwise, for a period that is greater than 30 days."

vehicle owned by him. *Twitchell I*, 251 Mich App at 487. This Court determined that because the policy did not define the term "owned," the definition of "owner" under MCL 500.3101(2)(g) should apply. *Twitchell I*, 251 Mich App at 489-490. The Supreme Court reversed. It first determined that the decedent driver was the owner of the vehicle under MCL 500.2101(2)(g)(*i*). *Twitchel II*, 469 Mich at 532. However, in determining whether the decedent driver owned the vehicle *for purposes of determining his right to uninsured motorist benefits*, the Court held that "[t]here is nothing in the plain language of the policy supporting the application of the definition of 'owner' in MCL 500.3101(2)(g) to this independent, nonstatutory coverage." *Twitchell II*, 469 Mich at 534. Instead, the term "owner," because it was not defined by the policy, was to be given "its commonly understood meaning." *Id*.

In the present case, the full terms of the uninsured motorist provision of plaintiff's policy have not been disclosed or discussed and thus we cannot determine how the term "owner" is used and defined in the policy, if at all, and how the term relates, under the specific facts of this case, to Farm Bureau's liability for uninsured motorist benefits. Farm Bureau has simply failed to establish a right to judgment and thus the trial court did not err in denying its motion for summary disposition.

Affirmed.


/s/ Patrick M. Meter
/s/ Mark J. Cavanagh
/s/ Kurtis T. Wilder

-3-