# STATE OF MICHIGAN

# COURT OF APPEALS

KATRINA CARTER,

Plaintiff-Appellant,

v

ARGIRIS XENOS,

Defendant-Appellee.

UNPUBLISHED
January 12, 2016

No. 323531
Wayne Circuit Court
LC No. 13-015213-NO

Before: TALBOT, C.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant on the ground that plaintiff's action was barred by governmental immunity. We affirm.

This action arises out of injuries sustained by plaintiff when she was allegedly knocked over by defendant, a courthouse deputy, as he was attempting to stop Robert Tippins from punching plaintiff repeatedly in the face. Plaintiff testified that Tippins was "attacking" her by striking her several times in the face and on her body outside a courtroom during a custody proceeding regarding plaintiff's sister's and Tippins' children. Plaintiff's mother tried to get Tippins off of plaintiff without success. While plaintiff was trying to get Tippins off of her, she suddenly fell to the floor. Plaintiff testified that defendant "might have knocked us down." Plaintiff also testified that, while he struggled on the floor against defendant, Tippins bit defendant. Plaintiff's mother came up and kicked Tippins during the struggle. Eventually defendant got Tippins under control. Thereafter plaintiff determined that she could not get up off the floor because her ankle was injured. Subsequently she had to undergo surgery to repair her ankle injury. Plaintiff filed this action against defendant alleging, in relevant part, that he was grossly negligent and committed a battery against her.

Defendant eventually filed a motion for summary disposition, arguing that plaintiff's action was barred by governmental immunity. Defendant testified that he was assigned to the probate floors of the court and was coming out of a courtroom when he heard yelling and saw a large group of people fighting. Defendant called for help and then proceeded toward the fight where he saw a man, Tippins, using plaintiff "like a punching bag." Plaintiff was getting punched in the face repeatedly. When he got to Tippins, defendant "grabbed him using the straight arm bar takedown and took him straight from where he was standing straight to the ground." Tippins continued to struggle while he was on the ground and people were trying to

-1-

grab at Tippins and kick him while he was on the ground. As defendant was trying to shield Tippins and himself from the crowd assault, he loosened his grip on Tippins and Tippins bit him on his left forearm. Then other officers arrived, Tippins was handcuffed, and the crowd was controlled. Defendant saw plaintiff sitting on the floor and it appeared that her ankle was broken. Defendant testified that he did not know how plaintiff's ankle was injured; she was not involved in his takedown of Tippins.

Defendant argued that, under the facts of this case, he was clearly entitled to governmental immunity. With regard to plaintiff's negligence claim, and as set forth in MCL 691.1407(2), defendant was acting within the scope of his authority during the course of his employment as a courthouse deputy and no reasonable fact finder could conclude that he acted in a grossly negligent manner, i.e., engaged in conduct so reckless that it demonstrated a substantial lack of concern for whether an injury will result, MCL 691.1407(8)(a). With regard to plaintiff's intentional tort claim, i.e., her battery claim, and as set forth in *Odom v Wayne Co*, 482 Mich 459, 480; 760 NW2d 217 (2008), defendant was acting within the scope of his authority during the course of his employment as a courthouse deputy, and was performing a discretionary act in good faith and without malice. Accordingly, defendant argued, he was entitled to summary disposition.

Plaintiff responded to defendant's motion for summary disposition, arguing that defendant was grossly negligent because he did not use a straight arm take-down procedure against Tippins; rather, he did a "flying tackle" which took down plaintiff and Tippins and proximately caused her ankle injury. Plaintiff further argued that defendant acted with a wanton or reckless disregard for her rights; thus, he was not entitled to immunity.

Following oral arguments, the trial court granted defendant's motion for summary disposition. The trial court held that, even if defendant performed a "flying tackle," he was attempting to break up the fight and his conduct did not amount to gross negligence or an actionable battery. The court quoted the standard set forth for intentional torts in *Odom*[1]—that "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm" or "such indifference as to whether harm will result as to be the equivalent of a willingness that it does," and concluded that there was "no evidence of that here." And the court held:

> This does not amount to gross negligence. He was attempting to break up this fight. She got injured as an unfortunate side effect of him trying to break up this fight. He wasn't trying to arrest her. He didn't have any malice towards her. He was trying to break up this fight and she got knocked down and her ankle was injured. This is not gross negligence. This is a discretionary act. He did what he thought he had to do under the circumstances. This as a matter of law I am finding that this does not arise to gross negligence.

Accordingly, the case was dismissed and this appeal followed.

---

[1] *Odom*, 482 Mich at 475 (citation omitted).

Plaintiff argues that the trial court erred in granting defendant's motion for summary disposition because her gross negligence claim was not precluded by governmental immunity. We disagree.

"A trial court's ruling on a motion for summary disposition is a question of law, which this Court reviews de novo." *Shepherd Montessori Ctr Milan v Ann Arbor Charter Twp*, 486 Mich 311, 317; 783 NW2d 695 (2010). The proper interpretation of a statute is also a legal question that is reviewed de novo. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010). A motion brought under MCR 2.116(C)(7) is properly granted if a claim is barred because of immunity granted by law. *Maskery v Bd of Regents of Univ of Mich*, 468 Mich 609, 613; 664 NW2d 165 (2003). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of a complaint and is properly granted if the evidence submitted by the parties does not establish that a genuine issue of material fact exists. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

A governmental employee is generally entitled to immunity from tort liability for an injury to a person caused by the employee during the course of employment while acting on behalf of the governmental employer if the employee acted within the scope of his authority, in the discharge of a governmental function, and the employee's conduct did not amount to gross negligence. MCL 691.1407(2); see also *Odom*, 482 Mich at 468-469. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). To establish gross negligence, "the plaintiff must present evidence that the contested conduct was substantially more than negligent." *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 383; 838 NW2d 720 (2013) (citation and quotation marks omitted).

In this case, defendant, a courthouse deputy, was clearly acting within the scope of his authority and discharging a governmental function when he attempted to protect plaintiff from an assault at the courthouse. See *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010) (noting that "there is no doubt that [the] defendant was acting within the scope of his authority and was discharging a governmental function during the time he was arresting plaintiff and taking him into police custody"). Plaintiff argues, however, that defendant was grossly negligent when he attempted to stop Tippins from punching her in the face by separating them through a "flying tackle" which caused her ankle injury. We cannot agree. Even if defendant did use a "flying tackle" to separate Tippins from plaintiff, such conduct was not "so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

By both plaintiff's and defendant's account, Tippins was repeatedly striking plaintiff. Plaintiff testified that Tippins was "attacking" her and struck her several times in the face and body, and that things were "happening so fast." Defendant testified that Tippins was "using [plaintiff] like a punching bag." In this context, attempting to end the assault by tackling the parties involved does not rise to the level of gross negligence. See *Odom*, 482 Mich at 480. Indeed, far from a "lack of concern for whether an injury results," the facts of this case indicate that defendant was acting in order to prevent further injury to plaintiff. See MCL 691.1407(8)(a). Although, with the benefit of hindsight, it is almost always possible to envision a better possible response to a given situation, the nature of law enforcement work is "unusual and extraordinary," situations are "fraught with uncertainty," and it is generally "unfair" to

question a law enforcement officer's exercise of his "discretionary professional duty." *White v Beasley*, 453 Mich 308, 320-321; 552 NW 2d 1 (1996) (citations and quotation marks omitted). Therefore, even viewing the evidence in the light most favorable to plaintiff, no reasonable jury could conclude that defendant's actions amounted to gross negligence; thus, he is immune from liability on this claim. See MCL 691.1407(2); *Odom*, 482 Mich at 479-480.

Plaintiff next argues that the trial court erred in granting defendant's motion for summary disposition with regard to her battery claim because it was not precluded by governmental immunity. We disagree.

When a plaintiff pleads an intentional tort against a governmental employee, the defendant may establish that he is entitled to individual governmental immunity by showing that (a) his acts were taken during the course of employment and he was acting within the scope of his authority, (b) his acts were undertaken in good faith and not with malice, and (c) the acts were discretionary, as opposed to ministerial. See MCL 691.1407(3); *Odom*, 482 Mich at 461, 480, citing *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984).

In this case, plaintiff asserted that defendant committed a battery against her which is "the wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Smith v Stolberg*, 231 Mich App 256, 260; 586 NW2d 103 (1998) (citation omitted). Plaintiff claims that defendant's "flying tackle" resulted in the battery, the intentional tort. However, it is clear from the record evidence that defendant was acting in the course of his employment, within the scope of his authority as a governmental employee, and that the actions he took to stop the fight and to protect plaintiff from further attack by Tippins were discretionary in nature. See *Oliver*, 290 Mich App at 685.

It appears that plaintiff is claiming, however, that defendant did not act in good faith. "[A] governmental employee does not act in 'good faith' if the employee acts 'maliciously or with a wanton or reckless disregard of the rights of another.'" *Radu*, 302 Mich App at 386, quoting *Odom*, 482 Mich at 474. Furthermore, "willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does." *Odom*, 482 Mich at 475. But here there is no testimony indicating that defendant had any malice toward plaintiff or intended to do anything other than protect plaintiff against Tippins's assault. Plaintiff admitted in her deposition that she did not think defendant had any personal animosity toward her and did not think defendant specifically intended to hurt her, although plaintiff later indicated in her affidavit that she "had no way of knowing [defendant's] intent." Defendant stated at his deposition that he was trying to protect plaintiff and that his intention was to "protect her from being harmed" and to "stop the assault." We agree with the trial court's conclusion that no reasonable jury could conclude that defendant's alleged conduct of tackling plaintiff to protect her from further assault showed an intent to harm plaintiff or such indifference to whether harm will result as to be the equivalent of a willingness that it does result. See *id*. Accordingly, the trial court also

properly dismissed plaintiff's intentional tort claim. In summary, plaintiff's action against defendant was barred by governmental immunity and was properly dismissed.

Affirmed.

/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly