# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID TREMPER,

Plaintiff-Appellee,

v

WESTLAND COLONIAL VILLAGE
APARTMENTS, WESTLAND COLONIAL
DELAWARE, L.L.C., and WESTLAND
COLONIAL VILLAGE, L.L.C.,

Defendants-Appellants.

UNPUBLISHED
June 16, 2016

No. 325176
Wayne Circuit Court
LC No. 13-007311-NO

Before: GADOLA, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendants appeal by leave granted a trial court order denying their motion for summary disposition as it relates to plaintiff's claim for breach of duties imposed by MCL 554.139(1). We reverse and remand for entry of an order granting defendants' motion.

Plaintiff leased an apartment at a complex owned and operated by defendants. One night, while walking on a sidewalk leading to the front entryway of his apartment building, plaintiff tripped and fell. He later found an area of the sidewalk where one section of pavement was approximately one inch higher than the adjoining section. He filed this action, alleging claims for premises liability and violation of § 39(1). The trial court granted defendants' motion as it related to the premises liability claim, which ruling is not at issue here, but denied the motion as it related to the alleged statutory violation.

The trial court's ruling on a motion for summary disposition is reviewed de novo on appeal. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). A motion brought under MCR 2.116(C)(10) tests the factual support for a claim. In ruling on such a motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions, and other documentary evidence, MCR 2.116(G)(5), and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material fact. Summary disposition is appropriate only if the opposing party fails to present documentary evidence establishing the existence of a material factual dispute. *Smith v Globe Life Ins Co*, 460 Mich 446, 454-455; 597 NW2d 28 (1999).

-1-

MCL 554.139(1) provides, in relevant part:

> In every lease or license of residential premises, the lessor or licensor covenants:
>
> (a) That the premises and all common areas are fit for the use intended by the parties.
>
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants [sic] wilful or irresponsible conduct or lack of conduct.

The statute imposes two different duties on lessors, one extending to both "the premises and all common areas," and one extending only to "the premises." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 433; 751 NW2d 8 (2008). The "common areas" are "those areas of the property over which the lessor retains control that are shared by two or more, or all, of the tenants." *Id*. at 427. Outdoor sidewalks within an apartment complex constitute "common areas." *Benton v Dart Props Inc*, 270 Mich App 437, 442-444; 715 NW2d 335 (2006). Because the covenant to repair under § 39(1)(b) is limited to the premises, it does not apply to common areas. *Allison*, 481 Mich at 432. Because the sidewalk at issue is a common area, plaintiff's claim that defendants violated the duty to keep it in reasonable repair must fail.

The duty to keep a common area such as a sidewalk fit for its intended use does not require the lessor to maintain it "in an ideal condition or in the most accessible condition possible, but merely requires the lessor to maintain it in a condition that renders it fit for use as a" sidewalk. *Id*. at 430. To be "fit" for a particular use is to be "adapted or suited" for that use. *Id*. at 429. "[T]he intended use of a sidewalk is walking on it," *Benton*, 270 Mich App at 444, and providing reasonable access to various areas within the apartment complex. See, e.g., *Allison*, 481 Mich at 429 (a parking lot is fit for its intended use "as long as the tenants are able to park their vehicles in the lot and have reasonable access to their vehicles"), and *Hadden v McDermitt Apartments, LLC*, 287 Mich App 124, 130, 132; 782 NW2d 800 (2010) ("the primary purpose of a stairway is for walking" and providing " 'reasonable access' to different building levels"). Therefore, defendants were obligated to keep the sidewalk adapted or suited for walking and providing tenants with reasonable access to different areas within the complex.

In this case, photographs show that the sidewalk was a relatively smooth and even walkway with a single, slight height differential between two sections of pavement that extended out from the right edge approximately one-third the width of the sidewalk. While plaintiff first testified that the height differential was approximately one inch (and his wife testified to a one to one and one-half inch height differential) and several months later testified that the height differential was one and one-half to three inches, the exact height differential is not dispositive in this case. There were lights on the exterior of the building and, while the sidewalk was not fully illuminated, plaintiff admitted that there was enough ambient light to see the sidewalk ahead of him and make his way along it. Plaintiff testified that he was not looking down as he walked, but he could see the sidewalk where he was walking if he looked down. As our Supreme Court

stated in *Allison*, 481 Mich at 430, "Mere inconvenience . . . will not defeat the characterization of [a sidewalk] as being fit for its intended purpose." Plaintiff did not show that the condition of the sidewalk precluded him from walking on it. The facts on the record show that plaintiff was able to walk on the sidewalk generally without issue, that he could have avoided the differential if had walked on the two thirds of the sidewalk that had no differential, and that he would likely have been able to step over the slight differential had he been looking down as he walked. Thus, the evidence establishes that there is no genuine issue of material fact that the sidewalk differential was no more than a mere inconvenience and that the sidewalk was fit for its intended use. Accordingly, the trial court erred in denying defendants' motion for summary disposition with respect to plaintiff's claim alleging a violation of § 39.[1]

Reversed and remanded for entry of an order granting summary disposition in favor of defendants. We do not retain jurisdiction.

/s/ Deborah A. Servitto

---

[1] In light of our decision, it is unnecessary to address defendants' additional argument that the lease validly modified defendants' obligations under § 39(2).