# STATE OF MICHIGAN

# COURT OF APPEALS

MARK STIEVE and DENISE STIEVE,

Plaintiffs-Appellees,

v

CITY OF DEARBORN, DEARBORN POLICE
DEPARTMENT and KYLE BOWEN, also known
as KYLE BOWMAN,

Defendants-Appellants.

UNPUBLISHED
March 9, 2017

No. 329591
Wayne Circuit Court
LC No. 13-014500-NI

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

MURRAY, J., (*concurring in part and dissenting in part*).

The majority opinion concludes that defendant City's motion for summary disposition was properly denied because there was a genuine issue of material fact on whether the City was liable for plaintiff's injuries under the motor vehicle exception to the Governmental Tort Liability Act, MCL 691.1405. It similarly concludes that a genuine issue of material fact exists as to whether Officer Bowen was grossly negligent and therefore not entitled to governmental immunity under MCL 691.1407. I agree with sections I, II and IIIC of the majority opinion, and with parts of IIIA. However, I disagree with the conclusion in part IIIB that there is a genuine issue of material fact regarding whether Officer Bowen was grossly negligent. My disagreements with the majority opinion are briefly discussed below.

First, I agree that there is a genuine issue of material fact on whether the City is liable under the motor vehicle exception to governmental immunity, but I do not agree that one factor for the jury to consider is whether "Bowen was reasonably responding to the call from dispatch." According to Supreme Court precedent, Bowen's *decision* to deem the dispatch call an emergency situation cannot be a basis upon which to impose liability against the City under the motor vehicle exception. In *Robinson v City of Detroit*, 462 Mich 439, 457; 613 NW2d 307 (2000), the Court held that "the decision to pursue a fleeing motorist, which is separate from the operation of the vehicle itself, is not encompassed within a narrow construction of the phrase 'operation of a motor vehicle.' " The same holds true with respect to Officer Bowen's decision to deem the dispatch call an emergency situation requiring an immediate response. But even taking that factor out of consideration, I nevertheless conclude that there remains a genuine issue of material fact whether the City is liable under the motor vehicle exception for the reasons set forth in the remaining portions of part IIIA of the majority opinion.

Second, I disagree with the majority opinion's conclusion that a genuine issue of material fact exists regarding whether Officer Bowen's conduct amounted to gross negligence as defined by MCL 691.1407. As the majority notes, gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(2)(c). Evidence of ordinary negligence, such as the negligence required to establish liability under the motor vehicle exception, does not create a genuine issue of material fact as to gross negligence. See *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999). Instead, a plaintiff must establish facts showing that Officer Bowen's conduct evidenced "a wilful disregard for safety measure and a singular disregard for substantial risk." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010). And, importantly for purposes of this case, the violation of a statutorily imposed duty typically only constitutes ordinary negligence, not gross negligence. *Poppen v Tobey*, 256 Mich App 351, 358; 664 NW2d 268 (2003). Applying this difficult standard, nothing in the record establishes a genuine issue of material fact as to whether Officer Bowen's conduct amounted to a substantial lack of concern for whether an injury results. Even if a reasonable juror could conclude that a violation of the state's safety statutes occurred in this case, that would be insufficient to establish gross negligence. *Poppen*, 256 Mich App at 358. And, there is no evidence countering the police officers' testimony as to the reasonableness of considering the dispatch call an emergency situation, as the call referenced an individual with a handgun addressing two unarmed females in a public street. In addition, it is undisputed that the emergency run occurred in the middle of a bright day with dry driving conditions. Though these facts in conjunction with the conflicting evidence of the speed and whether the lights or siren were properly activated, could allow a reasonable jury to conclude negligence may have occurred in the operation of the vehicle, no reasonable juror could conclude Officer Bowen acted with a wilful disregard for safety measures or a singular disregard for a substantial risk. As a result, I would reverse the trial court's order denying Officer Bowen's motion for summary disposition.

/s/ Christopher M. Murray