# STATE OF MICHIGAN

# COURT OF APPEALS

KATHY SMITH,

Plaintiff-Appellant,

v

BOARD OF COUNTY ROAD
COMMISSIONERS OF THE COUNTY OF
OAKLAND, DON LIPINSKI, DAN LATIMER,
MARK BISHOP, TIMOTHY HAMILTON,
REGGIE SCARBERRY, STEVE PARK, BRIAN
FULKERSON, OCRC EMPLOYEES, BRYAN
GREEN, ROBERT TYSON, and HARRY HALE,

Defendant-Appellees.

UNPUBLISHED
January 4, 2018

No. 334226
Oakland Circuit Court
LC No. 2015-148043-CH

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Plaintiff appeals as of right from the trial court's July 20, 2016 order granting defendants, the Board of County Road Commissioners of the County of Oakland (OCRC), Don Lipinski, Dan Latimer, Mark Bishop, Timothy Hamilton, Reggie Scarberry, Steve Park, Brian Fulkerson, OCRC Employees, Bryan Green, Robert Tyson, and Harry Hale's, motion for summary disposition under MCR 2.116(C)(7) and (C)(10). We affirm.

## I. BACKGROUND

On July 19, 2013, a red oak tree fell on plaintiff's house located in White Lake, Michigan. The tree was located near the edge of the county dirt road, had a 36-inch diameter, and was approximately 85 feet tall. Plaintiff's house was severely damaged, and she sustained bodily injury. Leading up to this incident, plaintiff made a number of phone calls to the OCRC, complaining that the road grader blade[1] and the use of calcium chloride[2] on the tree's exposed

---

[1] A road grader is a large construction machine with a long blade used to flatten surfaces while grading dirt and gravel roads.

[2] Calcium chloride is a commonly used agent that suppresses the formation of dust on dirt roads.

roots were damaging the tree. Plaintiff's first documented complaint was in 2012, but she has alleged that the OCRC has graded her road since 2007. On several occasions, plaintiff photographed much of the damage to the tree, as well as the graders and chemical trucks operating on her dirt road. The last complaint was made on July 10, 2013, and the tree fell down during a windstorm on July 19, 2013.

Plaintiff filed a lawsuit, and in her second amended complaint, she alleged trespass, intentional tort,[3] and gross negligence against defendants. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10), claiming that defendants are afforded governmental immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Plaintiff voluntarily dismissed the trespass action, acknowledging that the tree was not located on her property. The trial court granted summary disposition on the remaining claims, concluding that defendants were not grossly negligent, and their actions did not constitute an intentional tort. On appeal, plaintiff claims that the trial court erred because there are genuine issues of material fact as to governmental immunity on the gross negligence and intentional tort claims.

## II. STANDARDS OF REVIEW

This Court reviews "de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(7)." *Milot v Dep't of Transp*, 318 Mich App 272, 275; 897 NW2d 248 (2016). Under this court rule, summary disposition is proper when the plaintiff is not subject to relief because the defendant is afforded "immunity granted by law." "The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible." *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7)." *Id*. "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id*., quoting *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008) (quotation marks omitted). "[W]hen a relevant factual dispute does exist, summary disposition is not appropriate." *Moraccini*, 296 Mich App at 391.

Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 469 (2003). In ruling on a motion under MCR 2.116(C)(10), a trial court may "consider the affidavits, pleadings, depositions, admissions, and other documentary evidence in the light most favorable to the nonmoving party." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the

---

[3] Plaintiff's second count is simply titled "Intentional Tort," and she claims that defendants took intentional actions that were the proximate cause of her injuries.

opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183.

## III. GROSS NEGLIGENCE

Plaintiff claims on appeal that there are genuine issues of material fact as to the gross negligence claims. Specifically, whether the OCRC, as an entity, and the remaining defendants, as individuals, should be afforded governmental immunity under MCL 691.1407.

## A. THE OCRC

Plaintiff first argues that the OCRC, as a governmental entity, is not entitled to governmental immunity under MCL 691.1407(1) of the GTLA. We disagree.

MCL 691.1407(1) provides, in relevant part: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." A "[g]overnmental agency" can mean "a political subdivision," which includes a "county road commission" like the OCRC. See MCL 691.1401(a), (e). Our Supreme Court defines "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *Maskery v Board of Regents of University of Michigan*, 468 Mich 609, 613-614; 664 NW2d 165 (2003), citing MCL 691.1401(f). "The term 'governmental function' is to be broadly construed, and the statutory exceptions are to be narrowly construed." *Id*. at 614 (citation omitted).

The governmental function at issue in this case is the grading of the roadway. MCL 224.19(1) provides: "The board of county road commissioners may grade, drain, construct, gravel, shale, or macadamize a road under its control, make an improvement in the road, and may extend and enlarge an improvement." The OCRC, as a governmental agency, is the county's road commission, and it is statutorily authorized to grade the roads under its control. The parties do not dispute that the roadway at issue in this case was under the control of the OCRC. Because the OCRC is authorized by law to grade the road, it was engaging in the exercise or discharge of a governmental function under MCL 691.1407(1).

Plaintiff attempts to narrow the scope of the governmental function, claiming that while grading is an authorized function, the OCRC engaged in other unauthorized functions; requiring workers to use grading equipment too large for the area being graded and allowing them to damage the tree. Plaintiff's argument, however, is in direct contravention of our Supreme Court's mandate that we construe the governmental function broadly. *Maskery*, 468 Mich at 614. While the OCRC may very well have allowed its workers to use improper grading methods, the fact remains that the OCRC was engaged in the governmental function of grading. Furthermore, plaintiff argues that the OCRC was not engaging in a governmental function when it allowed the tree to grow near the edge of the dirt road. However, plaintiff has not explained or provided any authority for the proposition that allowing a tree to grow is the kind of act for which the OCRC can be liable. This argument is meritless.

## B. INDIVIDUAL DEFENDANTS

Plaintiff argues that the individual defendants were grossly negligent and are not entitled to governmental immunity under MCL 691.1407(2) of the GTLA. This argument also fails.

MCL 691.1407(2) states:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Plaintiff challenges the following three elements under this provision of the GTLA: (1) scope of authority; (2) governmental function; and (3) gross negligence and proximate cause.

Plaintiff first argues that the individual defendants were not acting within the scope of their authority when they graded the dirt road in front of her house, struck the tree multiple times, and sprayed the roots with calcium chloride. This argument fails. As employees of the OCRC, the individual defendants had the authority to grade the road, to use the grading equipment at issue, and to spray the road with calcium chloride. While they may have struck the tree, the fact remains that any damage was caused while grading the road—an action squarely within the scope of their authority. Furthermore, as was stated above, grading is a legal governmental function under MCL 224.19(1). Thus, there is no genuine issue of material fact concerning the "scope of authority" and "governmental function" elements under MCL 691.1407(2)(a) and (2)(b). The question turns on whether the individual defendants' conduct amounted to gross negligence, and whether those actions were "the proximate cause" of the injury. MCL 691.1407(2)(c).

Gross negligence is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). We have explained that gross negligence can be "characterized as a willful disregard of safety measures and a singular disregard for substantial risk." *Oliver v Smith*, 290 Mich App 678, 685; 810 NW2d 57 (2010). "[E]vidence of ordinary negligence does not create a material question of fact concerning gross negligence." *Maiden v Rozwood*, 461 Mich 109, 122-123; 597 NW2d 817 (1999).

Grading the road was a governmental function within the scope of the individual defendants' authority, and their conduct in furtherance of that function did not amount to gross negligence. More precisely, even though the procedures used for grading the road were less than ideal, plaintiff has not shown that any of the actions constituted a willful disregard of safety measures or was so reckless as to demonstrate a substantial lack of concern for whether injury results. According to plaintiff, the workers had been grading the road for approximately six years. She documented 11 instances where the blade of the grader struck the tree, and by inference, she claims the tree was struck as many as 43 times within six years. Each incident where the blade hit the county tree does not "demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Plaintiff has not shown that the same operator struck the tree every time—or even which operators actually struck the tree. Even assuming the same operator struck the tree every time, and assuming the operator did hit the tree 43 times over six years, plaintiff has not presented a material question of fact as to whether such action was so reckless that it demonstrated a substantial risk of injury. An employee could not have expected that his or her actions against the three-foot-wide, 85-foot-tall oak tree were so severe that those actions created a "substantial risk" that the tree would fall down. The exterior wound visible on the tree's surface was only 2 ½ feet tall and 10 inches wide—a marginal size compared to the tree's overall height and width. It is reasonable to believe that the grading actions against the tree in this case would not cause it to fall down on its own—or even in a wind storm. Those actions do not constitute "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). At most, defendants' conduct constituted ordinary negligence. Because we conclude that defendants' conduct was grossly negligent, we need not address proximate cause.

## IV. INTENTIONAL TORT

Plaintiff also argues that her intentional tort claim survives summary disposition because there are genuine issues of material fact as to whether the individual defendants should be afforded governmental immunity on this claim. We disagree.

The gross negligence standard "does not alter the law of intentional torts as it existed before July 7, 1986." MCL 691.1407(3). To establish governmental immunity for a low-level employee against intentional torts, the defendant must show: "(1) the employee's challenged acts were undertaken during the course of employment and that the employee was acting, or reasonably believed he was acting, within the scope of his authority, (2) the acts were undertaken in good faith, and (3) the acts were discretionary, rather than ministerial, in nature." *Odom v Wayne County*, 482 Mich 459, 461, 468; 760 NW2d 217 (2008).

There is no evidence that defendants' actions were undertaken in bad faith. The Court in *Odom* explained that it "has described a lack of good faith as 'malicious intent, capricious action or corrupt conduct' or 'willful and corrupt misconduct.' " *Id*. at 474 (citations omitted). Moreover, " 'willful and wanton misconduct is made out only if the conduct alleged shows an intent to harm or, if not that, such indifference to whether harm will result as to be the equivalent of a willingness that it does.' " *Id*. at 475. There is absolutely no evidence in the record that the individual defendants took actions that, even when viewed in a light most favorable to the non-moving party, were meant to harm plaintiff. The closer question is whether those acts were done

with such indifference of whether harm would result that they essentially took actions meant to harm plaintiff. Plaintiff cannot make such a showing.

Assuming that defendants struck the tree and sprayed it with calcium chloride 43 times, there is no evidence to suggest they took those actions knowing that the tree would certainly fall down and cause damage. Even considering the fact that plaintiff made a number of reports and personally warned the individuals, their actions were not malicious. Grading the road and spraying the roadbed with calcium chloride were squarely within their governmental function, and they took no actions that were so egregious and so indifferent to the possibility that harm would result that it could be considered bad faith. The trial court did not err when it granted defendants' motion for summary disposition under MCR 2.116(C)(7) and (C)(10).

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher