# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 23, 2008

134408

LAURA K. FUNDUNBURKS,
            Plaintiff-Appellee,

v

CAPITAL AREA TRANSPORTATION
AUTHORITY and MICHELLE BEARD,
            Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 134408
COA: 274928
Ingham CC: 06-000062-NI

On May 7, 2008, the Court heard oral argument on the application for leave to appeal the May 31, 2007 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the portion of the Court of Appeals decision affirming the circuit court ruling that there are genuine issues of material fact as to whether defendant Beard was grossly negligent. We REMAND this case to the Ingham Circuit Court for entry of an order granting defendant Beard's motion for summary disposition.

This case involves the claim that defendant Beard was grossly negligent in closing the bus doors as plaintiff was exiting. Defendant Beard moved to dismiss on the ground that plaintiff's claim was barred by governmental immunity under MCR 2.116(C)(7). In response to that motion, plaintiff did not present any evidence to show that defendant Beard's action of closing the doors of the bus while the plaintiff was attempting to exit the vehicle was anything more than ordinary negligence but asserted that the trial court should deny the motion because discovery had not been completed and that Beard's deposition had not been taken. The trial court denied the motion, citing the fact that discovery had not been completed and the Court of Appeals affirmed on that ground, adding that there were genuine issues of material fact. This was not a valid basis for denying the motion. Defendant Beard was named as a defendant on July 25, 2006. Defendant's motion was filed on September 15, 2006, and the hearing was not held until November 15, 2006. Plaintiff had several months during which it not only failed to take Beard's deposition, but, as plaintiff acknowledged at oral argument, she never even attempted to schedule it. At the time the motion was argued, discovery had closed. Thus, where discovery was closed and it was plaintiff's own fault that Beard's deposition was never taken, it cannot be said that it was premature to rule on Beard's motion.

From the evidence in this record, no reasonable juror could conclude that defendant Beard's conduct amounted to gross negligence – reckless conduct showing a substantial lack of concern whether injury would result, MCL 691.1407(2)(c), (7)(a), which plaintiff must establish to overcome defendant Beard's statutory governmental immunity defense. See *Stanton v City of Battle Creek*, 466 Mich 611, 620-621 (2002); *Jackson v Saginaw Co*, 458 Mich 141, 146 (1998). Thus, the plaintiff has failed to demonstrate that defendant Beard's conduct constituted gross negligence under MCL 691.1407(2)(c). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

CAVANAGH and KELLY, JJ., would deny leave to appeal.

WEAVER, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 23, 2008

s0520

_____
Clerk