# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE of NANCY SANDERS, by MICHAEL SANDERS, Personal Representative,

Plaintiff-Appellee,

v

KENNETH A. WRIGHT,

Defendant-Appellant.

UNPUBLISHED
October 23, 2018

No. 340006
Washtenaw Circuit Court
LC No. 14-000679-NI

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant, Kenneth A. Wright, appeals by right the trial court's order denying his motion for summary disposition on the basis of governmental immunity under MCL 691.1407(2). Defendant asserts the undisputed facts show that he was not grossly negligent in that his "conduct [was not] so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8). Defendant, a bus driver for the University of Michigan, struck and killed Nancy Sanders while turning left at an intersection controlled by a blinking red light. Defendant testified that he simply did not see Sanders or anyone else in the intersection except a blur immediately before impact. Defendant contends that the trial court erred by finding a genuine question of fact existed regarding the issue of gross negligence. We agree, therefore, we reverse and remand for entry of summary disposition in favor of defendant.

## I. SUMMARY OF PERTINENT FACTS

The parties do not dispute that at the time of the accident defendant was a governmental employee who was acting within the scope of his authority, driving a bus, and that the government agency, the University of Michigan (UM), was engaged in the exercise or discharge of a governmental function. See MCL 691.1407(2)(a), (b). The only contested issue in this case is whether sufficient evidence existed to support plaintiff's claim that there was a material question of fact regarding whether defendant's conduct amounted to gross negligence under MCL 691.1407(2)(c). "Gross negligence" is defined in the statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a).

The pertinent evidence presented on the issue of gross negligence came from defendant's deposition and from testimony at defendant's criminal trial. Defendant was acquitted of committing a moving violation causing death, MCL 257.601d. Pertinent testimony at

-1-

defendant's criminal trial included that of Susan Hines, who was driving a vehicle on the other side of the accident intersection, John Blackburn, a UM security officer driving behind the bus, and Ann Arbor Police Officer Jamie Adkins, an accident reconstructionist.

The accident occurred on June 19, 2014, just after 6:00 A.M. Defendant testified that he was traveling west on Ann Street and brought the bus to a complete stop at the stop bar in the left-turn lane so he could turn left onto Zina Pitcher Place. Defendant further testified that he signaled to make a left turn from Ann Street to Zina Pitcher Place. Observing only a vehicle (Hines) on the other side of the intersection heading east on Ann Street, he testified he observed no pedestrians in the intersection. According to defendant, he was completely stopped in the left-turn lane for 3-5 seconds, assured himself the oncoming car would remain stationary, and again checked the intersection before beginning to turn left. Defendant testified that during the left turn he saw only a blur a "fraction of a second" before impact and applied the brakes. Unfortunately, it was too late to avoid hitting Sanders.

Susan Hines could not confirm that defendant had his turn signal on, but she knew, apparently from the position of the bus in the left-turn lane, that it intended to turn left. Hines testified that the bus came to a complete stop and that she intended to wait for the bus to turn because it arrived at the intersection first. Hines testified that the bus was not traveling at an excessive speed and was being operated safely. Hines did not see Sanders in the intersection until after hearing the collision and seeing the results of the impact.

John Blackburn, driving behind the bus, also testified that defendant was operating the bus in a safe manner at the time defendant made the left turn. Like defendant and Hines, Blackburn did not see Sanders before the collision.

Ann Arbor Police Officer Jamie Adkins testified at defendant's criminal trial and was recognized as an expert in the field of reconstruction of accidents. Adkins offered her opinion regarding the position of Sanders in the Zina Pitcher Place crosswalk, the speed of the bus during its turn, and the likely position of Sanders and the bus during the critical seconds before impact. According Adkins, it would take an average pedestrian walking at an average pace almost 5 seconds to cross the intersection. In Adkins' opinion, at 4 seconds before impact, Sanders would have just been stepping off the curb onto the Zina Pitcher Place crosswalk, and defendant's bus would have already been almost 20 feet west of the stop bar in the left turn lane of west-bound Ann Street. According to Adkins, if defendant had perceived Sanders at any point sooner than 2 seconds before impact, he would have had time to react and avoid the collision.

Defendant's motion for summary disposition was argued on August 16, 2017. Defendant argued that there was no evidence of gross negligence and at most the evidence showed only ordinary negligence that could not survive summary disposition. Plaintiff's counsel argued that a question of fact existed regarding gross negligence. Plaintiff argued that "[t]his is the most egregious case of distracted driving outside of, you know, somebody who's either drunk or admittedly texting. He wasn't looking." Plaintiff's theory was that defendant was concerned with the on-coming vehicle and that he did not look left before turning in that direction.

The trial court ruled that a material question of fact existed regarding gross negligence, particularly in light of the jury's ability to determine defendant's credibility. The trial court

reasoned that "if someone hits a pedestrian after not having looked, then that, I think, certainly, is enough to go to the jury on gross negligence."

## II. STANDARD OF REVIEW

The defendant's motion for summary disposition implicates MCR 2.116(C)(7) (immunity granted by law). This Court reviews de novo the trial court's grant or denial of summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Although not required to do so, a party moving for summary disposition under MCR 2.116(C)(7) may support the motion with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider. *Maiden*, 461 Mich at 119; MCR 2.116(G)(5). When a motion is brought under MCR 2.116(C)(7), the trial court must accept as true the allegations of the complaint unless contradicted by the parties' documentary submissions. *Patterson v Kleiman*, 447 Mich 429, 434 n 6; 526 NW2d 879 (1994). Where reasonable minds could not differ on the evidence presented that a government employee was not grossly negligent, the question whether the claim is barred by governmental immunity is an issue of law for the court. *Jackson v Saginaw Co*, 458 Mich 141, 142, 146; 580 NW2d 870 (1998). When a party is entitled to governmental immunity as a matter of law, summary disposition under MCR 2.116(C)(7) is properly granted. *Oliver v Smith*, 290 Mich App 678, 684-685; 810 NW2d 57 (2010). A genuine issue of material fact exists if the evidence permits reasonable minds to draw different conclusions. *Dextrom v Wexford Co*, 287 Mich App 406, 431; 789 NW2d 211 (2010).

## III. DISCUSSION

We conclude that the trial court erred by not granting defendant summary disposition because reasonable minds could not differ that the evidence failed to show defendant's operation of the bus was grossly negligent as defined by MCL 691.1407(8)(a). The undisputed evidence established that defendant was a government employee immune from tort liability because he was (1) acting within the scope of his employment; (2) the government agency was discharging a governmental function, and (3) defendant's conduct did not amount to gross negligence. MCL 691.1407(2); see *Maiden*, 461 Mich at 122-123, holding that "evidence of ordinary negligence does not create a material question of fact concerning gross negligence." Reasonable minds could not differ that the evidence failed to raise a question of fact regarding gross negligence; defendant was entitled judgment as a matter of law. *Id*. at 127; *Jackson*, 458 Mich at 142, 146.

Under Michigan law, MCL 691.1401 *et seq*., governmental agencies and their employees have extensive immunity from tort liability while they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1), (2); *Odom v Wayne Co*, 482 Mich 459, 469-470; 760 NW2d 217 (2008). A "governmental agency" means "this state or a political subdivision," MCL 691.1401(1)(a), and "includes a public university or college of this state, whether established as a constitutional corporation or otherwise." MCL 691.1401(1)(g). A governmental function is "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(1)(b). A government employee is immune from tort liability if (1) the employee is acting within the scope of his employment; (2) the government agency is discharging a government function, and (3) the employee's conduct does not amount to gross negligence. MCL 691.1407(2).

In this case, the parties do not dispute that the University of Michigan is a governmental agency engaged in the exercise or discharge of a governmental function and that defendant was a governmental employee who was acting within the scope of his authority as a bus driver. See MCL 691.1407(2)(a), (b). The parties only contest whether sufficient evidence supported plaintiff's claim that a question of fact exists whether defendant's conduct was grossly negligent. See MCL 691.1407(2)(c). To survive a motion for summary disposition, plaintiff was required to show the existence of a genuine issue of material fact on the element of gross negligence. *Bellinger v Kram*, 319 Mich App 653, 659; 904 NW2d 870 2017); *Oliver*, 290 Mich App at 685.

"Gross negligence" is defined by statute as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). For conduct of a government employee to fall outside the protections of tort immunity, it must be substantially more than ordinary negligence. *Maiden*, 461 Mich at 121. In an ordinary negligence case, a plaintiff must establish: "(1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). Where a party owes another a duty of care, the general standard of care requires that the party exercise reasonable care under the circumstances. *Id*. at 6-7. "Ordinary care means the care that a reasonably careful person would use under the circumstances." *Id*. at 7. A failure to exercise reasonable care under the circumstances would establish only ordinary negligence, not gross negligence. See *Costa v Community Emergency Med Serv, Inc*, 475 Mich 403, 411; 716 NW2d 236 (2006). Consequently, allegations or evidence of inaction (failure to watch for or perceive pedestrians) or claims that a defendant could have taken additional precautions (paid closer attention to the crosswalk before executing a left turn) are insufficient to establish gross negligence. See *Bellinger*, 319 Mich App at 660. Rather, gross negligence is conduct that is "characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver*, 290 Mich App at 685; see also *Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004) ("gross negligence" is "almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks").

The trial court erred by concluding that because a jury could choose not to believe defendant's testimony that he looked for pedestrians in the intersection before beginning his turn the evidence created a material question of fact whether defendant was grossly negligence. But, whether defendant looked before beginning his turn and failed to perceive Sanders until it was too late or whether defendant began the left turn without having "double checked" the intersection as he testified is irrelevant: either finding would support at best only a breach of the reasonable care standard of ordinary negligence. See *Case*, 463 Mich at 6-7 ("Ordinary care means the care that a reasonably careful person would use under the circumstances."); *Costa*, 475 Mich at 411 ("A claim that a defendant has violated [the] applicable standard of . . . care sounds in ordinary negligence."). Operators of motor vehicles must exercise ordinary care by being watchful for pedestrians in the roadway and safely operating their vehicles to avoid harming them. See *In re Miller's Estate*, 300 Mich 703, 708; 2 NW2d 888 (1942). The failure of a motorist to maintain "a reasonable and proper lookout" for a pedestrian would amount to ordinary negligence. See *Johnson v Hughes*, 362 Mich 74, 77-78; 106 NW2d 223 (1960). Looking at the evidence in the light most favorable to plaintiff, we must conclude that the evidence only creates a question of fact regarding ordinary negligence. But as noted, for conduct of a government employee to constitute gross negligence, it must be substantially more than ordinary negligence. *Maiden*, 461 Mich at 121. And, "evidence of ordinary negligence does not

-4-

create a material question of fact concerning gross negligence." *Id*. at 122-123. Consequently, the trial court erred by not granting defendant summary disposition. *Id*. at 127; *Jackson*, 458 Mich at 142; *Oliver*, 290 Mich App at 684-685.

Plaintiff's argument to the contrary is essentially that defendant must have been able to see Sanders had defendant been looking at the crosswalk and should have been able stop to avoid the collision. In essence, plaintiff is arguing that gross negligence may be inferred from the fact that an accident occurred. This argument is flawed. Not even negligence may be presumed from the mere fact that an accident has occurred. See *In re Miller's Estate*, 300 Mich at 711 ("The mere happening of an accident raises no presumption of negligence.")(Citation omitted); *Whitmore v Sears Roebuck & Co*, 89 Mich App 3, 9; 279 NW2d 318 (1979). Plaintiff's theory of the case is akin to arguing the doctrine of res ipsa loquitur. "Res ipsa loquitur is a Latin term meaning, 'the thing speaks for itself.' " *Woodard v Custer*, 473 Mich 1, 6; 702 NW2d 522 (2005), quoting Black's Law Dictionary (6th ed). Under this doctrine, a "[r]ebuttable presumption or inference that [a] defendant was negligent . . . arises upon proof that the instrumentality causing injury was in [the] defendant's exclusive control, and that the accident was one which ordinarily does not happen in absence of negligence." *Id*. But our Supreme Court has rejected application of this doctrine to establish gross negligence. *Maiden*, 461 Mich at 127. "While the doctrine of res ipsa loquitur may assist in establishing ordinary negligence, it is not available where the requisite standard of conduct is gross negligence or wilful and wanton misconduct." *Id*. Again, while the evidence in this case might establish negligence, it is insufficient to create a material question of fact regarding gross negligence. *Id*. at 122-123.

Plaintiff's argument and the trial court's reasoning that credibility issues regarding defendant and other witness create an issue of material fact concerning gross negligence are also unavailing. Plaintiff was required to present evidence supporting his theory that defendant was grossly negligent. But the only evidence before the court merely created a question of fact regarding ordinary negligence as discussed above. *Maiden*, 461 Mich at 127 ("Plaintiff failed to meet her burden to come forward with specific facts to support her claim that [defendant's] conduct was grossly negligent."). To survive a motion for summary disposition premised on immunity granted by MCL 691.1407(2), evidence that the employee's conduct amounted to ordinary negligence is insufficient; the plaintiff must present evidence that the conduct at issue was substantially more than negligent. *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 383; 838 NW2d 720 (2013), citing *Maiden*, 461 Mich at 122-123 and *Costa*, 475 Mich at 411. Without any affirmative evidence of grossly negligent conduct, plaintiff is left with relying on speculation and conjecture, which cannot create a question of fact to survive summary disposition. *Karbel v Comerica Bank,* 247 Mich App 90, 97-98, 635 NW2d 69 (2001).

In sum, the record contains no evidence that defendant's "conduct [was] so reckless as to demonstrate a substantial lack of concern for whether an injury results[,]" MCL 691.1407(8)(a), or that it could be "characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver*, 290 Mich App at 685. Consequently, reasonable minds could not differ that defendant was entitled to governmental immunity under MCL 691.1407(2). *Fundenburks Capital Area Transp Auth*, 481 Mich 873; 748 NW2d 804 (2008). The trial court erred by not granting defendant summary disposition. *Id*.; *Maiden*, 461 Mich at 122-123, 127.

We reverse and remand for entry of judgment in defendant's favor. As the prevailing party, defendant may tax costs pursuant to MCR 7.219. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica