BROWN v SHAVERS

Docket No. 159860. Submitted November 15, 1994, at Detroit. Decided
    February 16, 1995; approved for publication April 27, 1995, at
    9:05 A.M. Leave to appeal sought.

Charles Brown, as personal representative of the estate of Justine
    L. Brown, deceased, brought a wrongful death action in the
    Wayne Circuit Court against George Shavers, the City of De-
    troit, and Michael Parker, seeking damages resulting from the
    decedent's death, which occurred during the armed robbery of
    the decedent and others by Parker. Shavers, an off-duty Detroit
    police officer, came upon the armed robbery, drew his weapon,
    identified himself, and ordered Parker to halt. Parker then
    fired several shots at Shavers and Shavers reciprocated. The
    decedent was fatally wounded by one of the bullets fired by
    Parker. The plaintiff alleged gross negligence and wilful and
    wanton misconduct. Shavers claimed that he was entitled to
    summary disposition on the basis of governmental immunity
    and because he owed no duty to the decedent. The court, James
    E. Mies, J., denied Shavers' motion for summary disposition.
    Shavers appealed by leave granted.

    The Court of Appeals held:

    1. The trial court erred in denying Shavers' motion for
    summary disposition pursuant to MCR 2.116(C)(8). The plaintiff
    failed to allege an actionable duty owed by Shavers to the
    decedent not to intervene in the ongoing robbery. The plaintiff
    failed to plead or show facts to support a finding of a special
    relationship between Shavers and the decedent that would give
    rise to any specific duty different from that owed by Shavers to
    the general public. Shavers fulfilled his duty to the general
    public, and the four robbery victims in particular, when he
    intervened in the robbery.

    2. The trial court erred in denying Shavers' motion for
    summary disposition under MCR 2.116(C)(7) on the ground that
    Shavers was not protected by governmental immunity. Shavers
    was engaged in a governmental function and acting within the

REFERENCES
Am Jur 2d, Negligence §§ 99-102, 546-590.
See ALR Index under Public Officers and Employees.

scope of his authority. Shavers' decision to draw his weapon was discretionary and entitled to immunity. Shavers' actions cannot be characterized as gross negligence.

3. The fact that the plaintiff failed to show that Shavers' actions were "the" proximate cause of the decedent's death does not entitle Shavers to the defense of governmental immunity. Nevertheless, the case must be remanded for entry of a judgment for Shavers because the plaintiff has not shown that Shavers' actions amounted to gross negligence.

Reversed and remanded.

1. NEGLIGENCE — PUBLIC OFFICIALS — DUTY.

Absent a special relationship between the parties, a public official owes a duty to the general public and not to any one individual in society; a duty is owed to a specific individual only when performance would affect the individual in a manner different in kind from the way performance would affect the public.

2. NEGLIGENCE — PUBLIC OFFICIALS — DUTY.

A trial court in determining whether a legal duty should be imposed between a governmental agency or official and an individual plaintiff should balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties; to establish the existence of a special relationship, there generally must be some contact between the governmental agency or official and the victim and also justifiable reliance on the part of the victim upon the promises or actions of the governmental agency or official.

3. GOVERNMENTAL IMMUNITY — PROXIMATE CAUSE — WORDS AND PHRASES.

Use of the word "the" in the governmental immunity statute before the words "proximate cause" is not to be read to limit recovery in a case in which the conduct of the government employee constitutes gross negligence and another person is also a cause of the accident (MCL 691.1407[2][c]; MSA 3.996[107][2][c]).

*Edwards & Jennings, P.C.* (by *Carl R. Edwards*), for the plaintiff.

*Donald Pailen,* Corporation Counsel for the City of Detroit, *Joanne D. Stafford,* Supervising Assistant Corporation Counsel, for George Shavers.

Before: HOOD, P.J., and JANSEN and A. T. DAVIS,* JJ.

PER CURIAM. Defendant George Shavers (hereafter defendant) appeals by leave granted the trial court's order denying his motion for summary disposition pursuant to MCR 2.116(C)(7) and 2.116(C)(8) in this wrongful death action. Defendant claims that he was entitled to summary disposition on the basis of governmental immunity and because he owed no duty to plaintiff's decedent, Justine Brown. We reverse.

Mrs. Brown, along with her two daughters and a niece, were approached at gunpoint outside a party store by defendant Michael Parker. Parker demanded money from the women and succeeded in taking one of the women's purses. Defendant, an off-duty Detroit police officer who observed the incident, drew his own weapon, identified himself, and ordered Parker to halt. Parker fired several shots at defendant and defendant reciprocated. Plaintiff's decedent was fatally wounded by one of the bullets fired by Parker. Plaintiff filed the instant wrongful death action alleging gross negligence and wilful and wanton misconduct. Defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and (8) was denied.

Defendant first argues that the trial court erred in denying his motion for summary disposition because plaintiff's complaint failed to allege an actionable duty, owed by defendant to Justine Brown, not to intervene in the ongoing robbery. We agree.

Absent a special relationship between the parties, a public official owes a duty to the general public and not to any one individual in society. *Jones v Wilcox*, 190 Mich App 564, 568; 476 NW2d

---

* Circuit judge, sitting on the Court of Appeals by assignment.

473 (1991). A duty is owed to a specific individual only when performance would affect the individual in a manner different in kind from the way performance would affect the public. *Harrison v Director of Dep't of Corrections,* 194 Mich App 446, 457; 487 NW2d 799 (1992).

In determining whether a legal duty should be imposed, the trial court should balance the societal interests involved, the severity of the risk, the burden upon the defendant, the likelihood of occurrence, and the relationship between the parties. *Id.* at 456. Taking precedent from other jurisdictions into account, this Court, in *Harrison, id.* at 457-459, noted that in order to establish the existence of a special relationship, most jurisdictions require at least some contact between the governmental agency or official and the victim, and also justifiable reliance on the part of the victim upon the promises or actions of the governmental agency or official.

In the present case, there were no facts alleged that would support any "justifiable reliance" on the part of the victim upon the promises or actions of defendant. This is true despite the fact that there was arguably some "contact" between defendant and the decedent during the incident. Accordingly, plaintiff has failed to plead or show facts to support a finding of a "special relationship" between defendant and the decedent that would give rise to any specific duty different from that owed to the general public. *Id.*

It would appear that defendant's intervention, rather than being a violation of his duty, fulfilled his duty to protect the general public, and these four women in particular. In fact, it reasonably could be argued that a failure to intervene would have been a violation of his duty. The trial court erred in denying defendant's motion for summary

disposition pursuant to MCR 2.116(C)(8), because plaintiff's claim was so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *Harrison, supra* at 449-450.

Next, defendant argues that the trial court erred in denying his motion for summary disposition under MCR 2.116(C)(7) on the ground that defendant was not protected by governmental immunity. Again, we agree. It is undisputed that defendant was acting within the scope of his authority as a Detroit police officer during the incident and that the Detroit Police Department is engaged in the exercise of a governmental function. Therefore, plaintiff had to allege facts showing that defendant's conduct constituted "gross negligence." MCL 691.1407; MSA 3.996(107), which addresses the issue of governmental immunity, defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results."

Plaintiff merely alleged in the trial court that defendant came upon the armed robbery, identified himself as a police officer, and ordered the robber to "hold it." It is clear that the robber, defendant Parker, was still brandishing the weapon when defendant arrived at the scene. In *Zavala v Zinser,* a companion case to *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 659-660; 363 NW2d 641 (1984), the Michigan Supreme Court stated as follows:

> Police officers, especially when faced with a potentially dangerous situation, must be given a wide degree of discretion in determining what type of action will best ensure the safety of the individuals involved and the general public, the cessation of unlawful conduct, and the apprehension of wrongdoers. *The determination of what type of*

*action to take, e.g., make an immediate arrest, pursue a suspect, issue a warning, await backup assistance, etc., is a discretionary-decisional act entitled to immunity.* Once that decision has been made, however, the execution thereof must be performed in a proper manner, e.g., the arrest must be made without excessive force, the pursuit of the suspect must not be done negligently, the request for assistance must include reasonably accurate information, etc.

Defendant, being present during the commission of an armed robbery, elected to put his own life at risk in order to extricate the decedent and her companions from the perilous situation. Consistent with this Court's pronouncement in *Zavala,* we conclude that defendant's decision to draw his weapon and confront the robber was discretionary and entitled to immunity. Regarding the execution of his decision to confront the robber, it is clear that defendant Parker is the person who initiated the shoot-out. Having been fired upon, defendant was entitled to defend himself. In any event, it is clear that plaintiff has set forth nothing that can be characterized as gross negligence. See *Jennings v Southwood,* 446 Mich 125; 521 NW2d 230 (1994). Because plaintiff failed to allege facts sufficient to show that recovery is not barred by governmental immunity, we conclude that the trial court erred in denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Finally, defendant argues that he was entitled to the defense of governmental immunity because plaintiff failed to show this his actions were *the* proximate cause of Justine's death. We disagree. In *Dedes v Asch,* 446 Mich 99; 521 NW2d 488 (1994), our Supreme Court concluded that the use of the word "the" before the words "proximate cause" may not be read to limit recovery where

the conduct of the government employee constitutes gross negligence and another person is also a cause of the accident. In any event, this determination does not affect our decision because plaintiff has not shown gross negligence.

Reversed and remanded for entry of a judgment for defendant. We do not retain jurisdiction.