OLIVER v SMITH

Docket No. 254654. Submitted November 8, 2005, at Detroit. Decided January 31, 2006, at 9:00 a.m.

Gary Oliver filed a complaint in the Wayne Circuit Court against police officer Cory Smith and others, asserting claims of assault and battery, negligence, and civil rights violations arising out of Smith's alleged use of excessive force when arresting the plaintiff. Smith moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that he was entitled to governmental immunity from tort liability under MCL 691.1407(2) and (7) because his conduct in handcuffing the plaintiff during the arrest did not amount to gross negligence. The court, John A. Murphy, J., denied the motion without prejudice, concluding that while the plaintiff had not produced documentary evidence establishing a genuine issue of material fact regarding whether Smith's conduct caused him to suffer an injury, summary disposition was premature because discovery was not complete and the plaintiff still had time to produce documentary evidence of an injury. Smith appealed.

The Court of Appeals *held*:

The trial court properly denied Smith's motion for summary disposition under MCR 2.116(C)(10) without prejudice. Under MCL 691.1407(2)(c), a governmental employee is not liable in tort for personal injuries as long as the employee's conduct does not amount to gross negligence that is the proximate cause of the injury. Police officers are given wide discretion in determining what actions are appropriate in matters that involve public safety, stopping unlawful conduct, and apprehending wrongdoers, but arrests must be made without excessive force. A police officer's conduct of handcuffing an individual too tightly is not gross negligence unless physical injury results. Because Smith moved for summary disposition under MCR 2.116(C)(10), however, he bore the initial burden to produce affidavits, depositions, admissions, and other documentary evidence supporting his assertion that the court should grant summary disposition because the plaintiff was not injured by the handcuffing. He failed to do this, so the burden did not shift to the plaintiff to establish a genuine issue of material fact regarding injury. Denial of summary disposition without prejudice was also proper because discovery was not complete and summary disposition would be premature. If the

plaintiff did suffer a physical injury from the tight handcuffing, he has a reasonable chance of uncovering evidence documenting it. Moreover, before the trial court's ruling, the plaintiff had no reason to know that he needed to establish a physical injury to show gross negligence.

Affirmed.

SCHUETTE, J., concurring in part and dissenting in part, agreed that the plaintiff must present evidence of a physical injury in order to show gross negligence in handcuffing a suspect. The trial court should have granted summary disposition to Smith, however, even though discovery had not closed. In response to Smith's motion, the plaintiff presented no evidence showing a genuine issue of material fact regarding physical injury. Summary disposition is appropriate before the close of discovery if there is no reasonable chance that further discovery will result in factual support for the nonmoving party. Because the plaintiff had ample time to compile some evidence of an injury before he answered Smith's motion, it is unlikely that further discovery has a fair chance of recovering such evidence.

GOVERNMENTAL IMMUNITY — POLICE OFFICERS — GROSS NEGLIGENCE — ARREST.

A police officer's conduct of handcuffing an individual too tightly during an arrest is not gross negligence for purposes of the exception to governmental immunity unless physical injury results (MCL 691.1407).

*Cummings, McClorey, Davis & Acho, P.L.C.* (by *Joseph Nimako*), for Cory Smith.

Before: SMOLENSKI, P.J., and SCHUETTE and BORRELLO, JJ.

BORRELLO, J. Cory Smith (hereafter defendant) appeals as of right an order denying his motion for summary disposition. We affirm. This case is being decided without oral argument under MCR 7.214(E).

## I. FACTS AND PROCEDURAL HISTORY

The events giving rise to this appeal occurred on November 9, 2001. On that date, defendant, an officer

with the Dearborn Heights Police Department, arrested plaintiff for interfering with a police officer after plaintiff was disruptive and uncooperative while defendant and another officer attempted to administer field sobriety tests to the driver of a vehicle in which plaintiff was a passenger. As a result of the arrest, plaintiff filed a complaint against the city, the police department, and two police officers, including defendant. The complaint contained claims of assault and battery, negligence, and civil rights violations. In the complaint, plaintiff alleged that defendant used excessive force when he arrested him because he intentionally handcuffed plaintiff's wrists too tightly with the intent to inflict harm. The complaint further alleged that defendant's use of excessive force caused plaintiff to suffer physical and mental injuries.

Defendant moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that he was entitled to governmental immunity under the governmental immunity act, MCL 691.1401 *et seq.*, because his conduct did not amount to gross negligence under MCL 691.1407(2)(c) and (7)(a). In support of his motion, defendant attached a copy of the police report and excerpts of plaintiff's deposition testimony. In the deposition, plaintiff testified that defendant threw him to the ground when defendant arrested him. Plaintiff also testified that when defendant handcuffed him, he immediately told defendant that the handcuffs were too tight and asked him to loosen them, but defendant merely laughed and put him in the back of the police car. Plaintiff filed an answer to defendant's motion for summary disposition as well as a brief in opposition to defendant's motion, arguing that defendant's conduct was grossly negligent and that defendant therefore was not entitled to governmental immunity. However, plaintiff did not attach any documentary evidence to his

brief, and therefore presented no evidence regarding whether he suffered any injury as a result of being handcuffed.

The trial court denied defendant's motion based on MCR 2.116(C)(10). In its opinion denying the motion, the trial court observed that plaintiff failed to produce documentary evidence to establish a genuine issue of material fact regarding whether defendant's conduct caused plaintiff to suffer an injury. Nevertheless, the trial court denied defendant's motion for summary disposition, essentially concluding that summary disposition was premature because discovery was not complete and plaintiff still had time to produce documentary evidence of injury. The trial court stayed the trial proceedings pending disposition of this appeal.

## II. STANDARD OF REVIEW

We review de novo the trial court's denial of a defendant's motion for summary disposition under MCR 2.116(C)(7) and MCR 2.116(C)(10). *Dressel v Ameribank*, 468 Mich 557, 561; 664 NW2d 151 (2003); *Maiden v Rozwood*, 461 Mich 109, 118-119; 597 NW2d 817 (1999). The determination whether a governmental employee's conduct constituted gross negligence under MCL 691.1407 is generally a question of fact, but, if reasonable minds could not differ, a court may grant summary disposition. *Tarlea v Crabtree*, 263 Mich App 80, 88; 687 NW2d 333 (2004). In *Quinto v Cross & Peters Co*, 451 Mich 358, 362-363; 547 NW2d 314 (1996), our Supreme Court explained the evidentiary requirements each party must meet to survive a motion for summary disposition pursuant to MCR 2.116(C)(10):

> In presenting a motion for summary disposition, the moving party has the initial burden of supporting its

position by affidavits, depositions, admissions, or other documentary evidence. The burden then shifts to the opposing party to establish that a genuine issue of disputed fact exists. Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists. If the opposing party fails to present documentary evidence establishing the existence of a material factual dispute, the motion is properly granted. [Citations omitted.]

### III. ANALYSIS

The sole issue presented on appeal is whether the trial court erred in denying defendant's motion for summary disposition. We hold that the trial court properly denied defendant's motion for summary disposition under MCR 2.116(C)(10).

Defendant argues that the trial court should have granted summary disposition in his favor because plaintiff produced no evidentiary support for his claim that he suffered a physical injury as a result of defendant's alleged tight handcuffing of plaintiff. Therefore, defendant contends, he is entitled to immunity from tort liability under the governmental immunity act because plaintiff failed to produce evidence that defendant's conduct amounted to gross negligence. We agree with the trial court's decision to deny defendant's motion for summary disposition. Our ruling is based on the fact that defendant, as the moving party, had the burden to support his motion with affidavits, depositions, admissions, or other documentary evidence, and he failed to present the necessary documentary evidence to warrant the granting of summary disposition in his favor. While plaintiff did not present evidence to establish a genuine

issue of material fact regarding whether defendant's conduct was grossly negligent (i.e., evidence that plaintiff was injured as a result of defendant's grossly negligent conduct), discovery was not yet complete, so summary disposition in defendant's favor would have been premature.

Under the governmental immunity act, a governmental employee is not liable in tort for personal injuries as long as the employee's "conduct does not amount to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c); see *Tarlea, supra* at 89. "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(7)(a). " 'Police officers . . . must be given a wide degree of discretion in determining what type of action will best ensure the safety of the individuals involved and the general public, the cessation of unlawful conduct, and the apprehension of wrongdoers.' " *Brown v Shavers*, 210 Mich App 272, 276; 532 NW2d 856 (1995), quoting *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 659; 363 NW2d 641 (1984). Once the police determine what type of action to take, "the execution thereof must be performed in a proper manner, *e.g.*, the arrest must be made without excessive force . . . ." *Ross, supra* at 660.

The issue is whether plaintiff was required to provide evidence that he suffered physical injury resulting from the tight handcuffs to establish that defendant's conduct was grossly negligent and that defendant was therefore removed from the protection of the governmental immunity act. According to defendant, plaintiff must provide evidence that he suffered physical injury resulting from the tight handcuffs to establish that defendant acted in a grossly negligent manner. The trial

court, in denying defendant's motion for summary disposition, concluded that it was necessary for plaintiff to present evidence of physical injury in order to establish that defendant was grossly negligent and therefore not shielded from plaintiff's claim by governmental immunity.

This Court has found no Michigan case law addressing whether a plaintiff alleging that a police officer's conduct of placing handcuffs too tightly in the course of arrest must present evidence of a physical injury in order to establish that the police officer's conduct constituted gross negligence. However, the Sixth Circuit of the United States Court of Appeals has held that "when there is no allegation of physical injury, the handcuffing of an individual incident to a lawful arrest is insufficient as a matter of law to state a claim of excessive force under the Fourth Amendment." *Neague v Cynkar*, 258 F3d 504, 508 (CA 6, 2001). Furthermore, the reasoning of the Tenth Circuit, in *Hannula v City of Lakewood*, 907 F2d 129 (CA 10, 1990), reinforces why establishing a physical injury requirement is logical. Evidence that handcuffing caused some pain but not injury is insufficient to establish excessive force in applying the handcuffs; if injury is minimal or nonexistent, then the force creating it must also be minimal and, therefore, not excessive. *Hannula, supra* at 132.

We adopt the reasoning of the Sixth Circuit and the Tenth Circuit and hold that a police officer's conduct of handcuffing an individual too tightly does not constitute gross negligence unless physical injury results. Nevertheless, this does not end the inquiry in this case. Because defendant moved for summary disposition pursuant to MCR 2.116(C)(10), he bore the initial burden to produce affidavits, depositions, admissions, and other documentary evidence to support his assertion

that his motion for summary disposition should be granted because physical injury did not result from defendant handcuffing plaintiff's wrists too tightly. *Quinto, supra* at 362. Defendant did not produce a doctor's affidavit, an admission by plaintiff, or any other evidence to support his contention that gross negligence did not occur as a result of the tight handcuffing because no physical injury resulted. Consequently, he failed to meet his initial burden to provide evidence supporting his contention that his motion for summary disposition should be granted. Because defendant did not meet his initial burden, the burden did not shift to plaintiff to establish a genuine issue of material fact regarding whether physical injury resulted from the excessively tight handcuffing. *Id.* Therefore, it was proper for the trial court to deny defendant's motion when defendant had not satisfied his initial burden to provide evidence in support of his argument that summary disposition was appropriate.

The trial court's denial of defendant's motion for summary disposition was also proper because discovery was not complete and summary disposition at that time was therefore premature. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 24-25; 672 NW2d 351 (2003) (citations omitted). Whether plaintiff suffered a physical injury is a disputed issue. If plaintiff did, in fact, suffer a physical injury resulting from the tight handcuffing, then plaintiff has a reasonable chance of uncovering evidence documenting such injury. Moreover, before the trial court ruled that plaintiff was required to establish a

physical injury in order to establish that defendant's conduct was grossly negligent, plaintiff had no reason to know that such a requirement existed. Now that plaintiff is aware of the physical injury requirement, plaintiff is entitled to have the entire period of discovery to compile medical records, affidavits, opinions, and other evidence to support his claim. Because the trial court denied defendant's motion for summary disposition without prejudice, both parties will have sufficient opportunity to compile additional evidence, and, if he so desires, defendant can bring another motion for summary disposition at the end of the discovery period.

Affirmed.

SMOLENSKI, P.J., concurred.

SCHUETTE, J. (*concurring in part and dissenting in part*). I respectfully dissent from the majority opinion and would reverse the trial court's denial of summary disposition.

Although I agree with the majority opinion that plaintiff must present evidence of a physical injury in order to show gross negligence in handcuffing a suspect, I dissent because I believe that summary disposition for defendant should have been granted, even though discovery had yet to close. Plaintiff presented no evidence in response to defendant's motion for summary disposition that would show there was a genuine issue of material fact regarding any physical injury from the handcuffs. Plaintiff only restated his allegation from his complaint that he suffered from "an ulnar deviation of his wrist" and numbness and weakness of both hands. "Where the burden of proof at trial on a dispositive issue rests on a nonmoving party, the nonmoving party may not rely on mere allegations or denials in plead-

ings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Furthermore, the existence of a disputed fact must be established by admissible evidence. *Veenstra v Washtenaw Country Club*, 466 Mich 155, 163; 645 NW2d 643 (2002). Plaintiff did not submit any evidence to support his allegation that he suffered a physical injury from the handcuffs. Plaintiff's deposition had been taken at the time of defendant's motion, but plaintiff did not even submit his own testimony that he suffered an injury, much less any medical evidence.

Although the discovery period had not yet ended when defendant filed the motion for summary disposition, "a ruling on a motion for summary disposition is appropriate 'if there is no reasonable chance that further discovery will result in factual support for the nonmoving party.' " *Mable Cleary Trust v Edward-Marlah Muzyl Trust*, 262 Mich App 485, 506-507; 686 NW2d 770 (2004), quoting *Colista v Thomas*, 241 Mich App 529, 538; 616 NW2d 249 (2000). This case was filed in April 2003, and defendant did not move for summary disposition until December 15, 2003. Plaintiff did not file his answer to the motion until March 2004, giving him ample time to compile some evidence of an injury. Therefore, I do not believe that further discovery is likely to lead to a fair chance of recovering evidence of an injury. I conclude that the trial court erred in denying defendant's motion for summary disposition, and I would remand this case for entry of summary disposition in defendant's favor.