# STATE OF MICHIGAN

# COURT OF APPEALS

THELONIOUS JACKSON,

        Plaintiff-Appellee,

v

DANIEL LUBELAN and PLATT R. WEINRICK,

        Defendants-Appellants.

UNPUBLISHED
July 5, 2018

No. 338275
Genesee Circuit Court
LC No. 16-108364-CZ

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

SAWYER, P.J. (*dissenting*).

I respectfully dissent.

As we observed in *Oliver v Smith*, 269 Mich App 560, 566; 715 NW2d 314 (2006), a "police officer's conduct of handcuffing an individual too tightly does not constitute gross negligence unless physical injury results."

This cause of action was first filed in the United States District Court of Michigan for the Eastern District and then appealed to the United States Sixth Circuit Court of Appeals. Both of the courts determined that plaintiff experienced no physical injury resulting from the handcuffing. Both courts determined that, to the extent plaintiff experienced any injury during the arrest, it could only have happened as a result of his placement in the police car after he was handcuffed.

Collateral estoppel precludes relitigation of issues or facts that have already been decided in prior litigation. *Wilcox v Sealey*, 132 Mich App 38, 46; 346 NW2d 889 (1984). It is clear from the record that all elements of collateral estoppel have been met here. The exact issue of whether or not plaintiff experienced a physical injury resulting from the handcuffing was litigated by a judgment of the federal district court and later affirmed by the Sixth Circuit. Moreover, plaintiff points to no additional evidence to support a finding of personal injury that would be uncovered with yet more discovery in the state court action.

-1-

I therefore conclude that the trial court erred by allowing the gross negligence claim based on handcuffing the plaintiff to proceed. The court should have granted summary disposition to both defendants.

I would reverse.

/s/ David H. Sawyer