*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON HESTER,

      Plaintiff-Appellant,

v

JEREMIA WALTER BRABBS,

      Defendant-Appellee.

UNPUBLISHED
August 15, 2019

No. 343927
Washtenaw Circuit Court
LC No. 17-000865-NI

Before: CAVANAGH, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in defendant's favor on the ground that governmental immunity barred this action arising from a motor vehicle accident. We affirm.

On December 21, 2015, plaintiff was a front seat passenger in a vehicle stopped at a red light in the city of Ann Arbor when the vehicle defendant was driving struck the rear of that vehicle. Defendant was an employee of the University of Michigan, the University of Michigan owned the vehicle that defendant was driving, and defendant was driving the vehicle in the course of his employment for the University.

The police report from the scene notes that defendant was "unable to stop" in an assured clear distance from the vehicle in which plaintiff was a passenger. An incident report from LogistiCare Michigan (the owner of the vehicle in which plaintiff was a passenger and the employer of its driver) noted that defendant's brakes did not work properly and that defendant claimed his brakes froze. However, defendant denied having made this statement to LogistiCare. Defendant averred in his affidavits that he was driving below the speed limit of 35 miles per hour when the vehicle that plaintiff was riding in suddenly, and without warning, stopped. Although he applied his brakes, defendant could not stop in time to avoid hitting the vehicle. Defendant further averred that there was no problem with the brakes on his vehicle either before or after the minor collision. Plaintiff claimed that she saw defendant driving at a "high-speed," but she could not estimate the exact speed of defendant's vehicle.

-1-

In August 2017, plaintiff filed this case alleging that defendant drove his vehicle in a grossly negligent manner, causing her injuries. Defendant denied the allegations in his answer, but stipulated that he was a University of Michigan employee driving a University of Michigan vehicle in the course of his employment. In January 2018, both sides stipulated to a case management order which stated that there were no deadlines for discovery or motion practice. However, all discovery and motion filing was to be conducted in a timely manner. Both parties conducted discovery.

In March 2018, defendant filed a motion for summary disposition, arguing that this case should be dismissed under MCR 2.116(C)(7) and (C)(10). Defendant argued that no reasonable juror could find that he was grossly negligent; therefore, he was entitled to governmental immunity. In support of his motion, defendant submitted an interrogatory response answered by plaintiff, two sworn affidavits by defendant, a State of Michigan Crash Report, and a LogistiCare Michigan Accident Report. Plaintiff opposed the motion, arguing that there were disputed facts regarding the failure of defendant's brakes and his awareness of defective brakes. Further, she argued, the motion was premature because defendant had not yet been deposed.

Following oral arguments, the trial court granted defendant's motion. First, the court rejected plaintiff's claim that dismissal would be premature, holding that plaintiff "had months and months and months to do discovery," but waited until the day before case evaluation briefs were due and trial preparation was about to begin to claim that further discovery was needed. Second, the court held that plaintiff presented no evidence that would tend to show that defendant was grossly negligent, i.e., engaged in conduct so reckless as to demonstrate a substantial lack of concern for whether injury results—by being unable to stop his vehicle in the assured clear distance resulting in a minor collision. Record evidence was that defendant's vehicle was driven before and after the collision without problems. Thus, the court concluded that no reasonable juror could find that defendant had been grossly negligent and he was entitled to governmental immunity. This appeal followed.

Plaintiff first argues that defendant was not entitled to summary disposition because factual disputes existed on the issue of whether he knowingly drove a vehicle without properly functioning brakes in poor weather and at high speeds. We disagree.

We review de novo a trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). We also review de novo the applicability of governmental immunity as a question of law. *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004). Defendant brought his motion under MCR 2.116(C)(7) and (C)(10), and the trial court did not indicate under which subrule it granted defendant's motion. However, because defendant's motion was premised on immunity granted by law, our review is focused on MCR 2.116(C)(7). See *Jackson v Saginaw Co*, 458 Mich 141, 147 n 5; 580 NW2d 870 (1998). When we consider a motion for dismissal based on governmental immunity under MCR 2.116(C)(7), we review the affidavits, depositions, and other documentary evidence submitted to determine whether the claim is barred by immunity. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008) (citations omitted). The allegations in the complaint are accepted as true unless contradicted by the documentary evidence. *Id*. Where reasonable minds could not differ on the evidence presented that the governmental employee was not grossly negligent, the question whether the claim is barred by immunity is an issue of law for the court.

*Jackson*, 458 Mich at 142, 146, 152; *Dextrom v Wexford Co*, 287 Mich App 406, 429; 789 NW2d 211 (2010).

Neither party disputes that defendant is entitled to governmental immunity under MCL 691.1407(2) unless his conduct amounted to gross negligence. MCL 691.1407(8)(a) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Clearly, the Legislature limited employee liability to those "situations where the contested conduct was substantially more than negligent." *Maiden*, 461 Mich at 122. We have stated that gross negligence involves

> almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge. [*Tarlea v Crabtree*, 263 Mich App 80, 90; 687 NW2d 333 (2004).]

Here, plaintiff alleges that factual disputes existed on the issues whether defendant knowingly drove a vehicle without properly functioning brakes in poor weather and at high speeds. In support of her claim that the defendant's vehicle's brakes were defective, plaintiff relies on the incident report drafted by a LogistiCare Michigan employee which stated that "[defendant's] brakes did not work properly and hit [vehicle's] rear bumper." The statement went on to claim that "[defendant] stated his brakes froze." Plaintiff alleges that this statement shows the brakes of defendant's vehicle were defective and the source of the accident. Even if we accept plaintiff's evidence as true, there is no evidence that defendant knew that the brakes were defective before the collision occurred. Plaintiff relies on the University of Michigan's policy requiring that vehicle users inspect the vehicles before use, but there is no record evidence that defendant did not check the brakes before driving the vehicle or, if he did check the brakes, he would have discovered a defect. And, in fact, defendant attested in his affidavits that the brakes were functioning without any problems both before and after the collision.

Plaintiff also claims that defendant was driving at a high rate of speed, but she admitted in her interrogatories that she did not actually know what speed he was driving. Even if defendant was negligent by driving at a speed that would not permit him to stop in time under the circumstances, ordinary negligence is insufficient to create a material question of fact concerning gross negligence. See *Maiden*, 461 Mich at 122-123. According to the record evidence, the damage to the vehicles was minimal and there were no obvious injuries, indicating that defendant's speed did not show a reckless disregard for injuries. Considering these facts and the evidence, we must agree with the trial court that reasonable minds could not differ in concluding that defendant's conduct did not amount to gross negligence. That is, there is no evidence that suggests defendant engaged in "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). Accordingly, governmental immunity barred this action against defendant.

Next, plaintiff claims that the trial court's grant of summary disposition was premature. We disagree.

"Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (quotation marks and citation omitted). But "the mere fact that the discovery period remains open does not automatically mean that the trial court's decision to grant summary disposition was untimely or otherwise inappropriate." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). In addition, it is not premature to grant summary disposition when a plaintiff merely failed to conduct discovery or failed to discover beneficial evidence.

In this case, plaintiff claims that defendant was served with a discovery request on March 16, 2018, but the only evidence supporting this claim is her counsel's statement made during the motion hearing. Furthermore, plaintiff argues that defendant did not cooperate with her discovery requests and deliberately delayed the proceeding until the motion hearing was conducted. Again, plaintiff only cites to her counsel's statements at the motion hearing to support these claims. While defense counsel admits that plaintiff's counsel approached him regarding scheduling a deposition, plaintiff's counsel failed to follow up after their discussion regarding the deposition. And, defendant argues, plaintiff submitted no discovery requests and did not seek relief under MCR 2.313(A).

In light of the trial court's scheduling and case management order, it is clear that summary disposition was not premature in this case. Although discovery was not technically complete, the trial court's case management order indicates that discovery was unlimited and would not be complete until the day of trial. The mere fact that discovery was ongoing does not preclude summary disposition in this case. See *Marilyn Froling Revocable Living Trust*, 283 Mich App at 292. "[A] party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence." *Id*. Although plaintiff's counsel claimed to have knowledge of evidence that defendant knew the brakes were defective, he has never indicated what this evidence is or where it would come from. Absent a clear indication of what this claimed evidence is, the trial court did not err in finding that there was not a reasonable chance that further discovery would result in factual support for plaintiff's claim of gross negligence.

Further, plaintiff waited several months before actively pursuing discovery. Although plaintiff correctly notes that the trial court's case management order imposed no time limit on discovery, this same order stated that the parties were to conduct discovery in a timely manner. The trial court's scheduling of a case evaluation gave plaintiff's counsel plenty of notice as to the necessity of conducting discovery in a timely manner. Plaintiff was given a reasonable amount of time to conduct discovery because the motion for summary disposition was only granted a month before the scheduled trial—and after a several-month discovery period. The trial court's grant of summary disposition was not premature in light of plaintiff's lack of discovery over the course of several months and the fact that trial was only a month away. In addition, plaintiff

failed to show that there was a reasonable chance of discovering factual support for her claim. See *Oliver*, 269 Mich App at 567.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien