*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARYN SCHEMAHORN and PHILLIP
SCHEMAHORN,

UNPUBLISHED
March 10, 2022

Plaintiffs-Appellants,

v

No. 355028
Berrien Circuit Court
LC No. 20-000088-NI

CITY OF NILES, POLICE OFFICER VINCENT
HORTON, and POLICE OFFICER JENNY EVANS,

Defendants-Appellees,

and

SUPERVISORY OFFICER and ANDREW
            WALKER,

Defendants.

Before: RIORDAN, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs, Sharyn Schemahorn and Phillip Schemahorn, appeal by leave granted[1] the trial
court's order granting summary disposition under MCR 2.116(C)(7) in favor of defendants, city
of Niles and Police Officers Vincent Horton and Jenny Evans ("City defendants"). Finding no
errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On June 1, 2019, Niles Police Department officers Horton and Evans attempted to make a
traffic stop of a vehicle driven by defendant Andrew Walker. Walker fled the scene northbound

---

[1] *Schemahorn v City of Niles*, unpublished order of the Court of Appeals, entered February 10,
2021 (Docket No. 355028).

on M-139, and Horton and Evans pursued him with their sirens activated. Sharyn was driving southbound on M-139 and pulled over when she heard the sirens approaching. Walker lost control of his vehicle as he approached Sharyn's car and collided with her vehicle, causing multiple injuries.

Plaintiffs subsequently filed this lawsuit, alleging one count of negligence and one count of loss of consortium against Walker, and one count of gross negligence against the City defendants. Plaintiffs also alleged the city of Niles was responsible for Horton's and Evans's negligent operation of the police vehicle under the motor vehicle exception of the Governmental Tort Liability Act (GTLA), MCL 691.1407 *et seq*.

The City defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiffs' claim against the city of Niles should be dismissed because, under *Robinson v Detroit*, 462 Mich 439; 613 NW2d 307 (2000), the motor vehicle exception to governmental immunity did not apply. The City defendants also argued that Horton and Evans's conduct did not amount to gross negligence because they were not the proximate cause of Sharyn's injuries.

After a hearing, the trial court granted the City defendants' motion for summary disposition. This appeal followed.

## II. STANDARDS OF REVIEW

This Court "review[s] de novo a trial court's decision to grant or deny a motion for summary disposition under MCR 2.116(C)(7)." *Galea v FCA US LLC*, 323 Mich App 360, 368; 917 NW2d 694 (2018). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence." *Id*. (quotation marks and citation omitted). "However, a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

In their first issue on appeal, plaintiffs argue the trial court erred when it granted the City defendants' motion for summary disposition because Horton and Evans negligently operated the police vehicle in a way that caused Sharyn's injuries. Accordingly, they assert that governmental immunity does not bar their suit under the motor vehicle exception to governmental immunity. We disagree.

Under the GTLA, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). "The immunity conferred on governmental agencies is broad, and the exceptions narrowly drawn." *Haliw v Sterling Hts*, 464 Mich 297, 303; 627 NW2d 581 (2001). There are several exceptions to this immunity. Relevant to this case is the motor vehicle exception, MCL 691.1405, which states: "Governmental agencies shall be liable for bodily injury and property

damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner . . . ."

Relying on *Robinson*, the trial court reasoned that "because [Sharyn] . . . made no allegation that the police officers hit either the fleeing suspect's car nor drove the suspect's car off the road or into plaintiff's car, [MCL 691.]1405 is not applicable." This was a correct application of the law. In *Robinson*, the Michigan Supreme Court addressed the issue of when an officer's duty to an innocent third party arises such that the officer's conduct may amount to negligence and, thus, trigger the motor vehicle exception. The Court concluded that in order for the motor vehicle exception to apply, the plaintiff must show that the pursuing police vehicle hit the fleeing car or otherwise physically forced it off the road or into another vehicle or object. *Robinson*, 462 Mich at 456-457. The Court also held that "an officer's decision to pursue [a suspect] does not constitute the negligent operation of a motor vehicle." *Id.*

Plaintiffs did not allege Evans and Horton hit Walker or Sharyn's vehicles. Indeed, the dashcam video, which was submitted to the trial court as part of the City defendant's motion for summary disposition, shows the officers' vehicle was several car lengths behind Walker's vehicle when he collided with Sharyn. In fact, the officers' vehicle was far enough behind Walker's that the collision was not clearly visible on the dashcam. Walker's vehicle only came into view after the smoke cleared and the officers caught up to the scene.

Plaintiffs contend that *Robinson* does not apply because Sharyn was not in Walker's car while the plaintiff in *Robinson* was physically in the pursued car. We disagree that this fact has legal significance. The Michigan Supreme Court clearly stated in *Robinson* that the physical location of the innocent victim is irrelevant to whether the motor vehicle exception applies: "[I]t is irrelevant whether a wrongdoer is a driver or a passenger or whether an innocent person is inside or outside the vehicle . . . . [T]he police owe a duty to innocent persons whether those persons are inside or outside the vehicle." *Robinson*, 462 Mich at 451. Thus, plaintiffs' focus on Sharyn's location is misplaced.

Plaintiffs also argue that *Robinson* is distinguishable because, unlike in *Robinson*, plaintiffs have presented prediscovery evidence of the City defendants' negligence. Plaintiffs argue that this evidence, which includes the dashcam video from the police vehicle, shows defendants exceeded the speed limit, failed to stop at stop signs, and illegally passed other motorists.[2] However, we do

---

[2] Plaintiffs appear to make the argument that summary disposition was premature because discovery was not complete. "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006) (quotation marks and citation omitted). "Allowing discovery on the basis of conjecture would amount to allowing an impermissible fishing expedition." *Augustine v Allstate Ins Co*, 292 Mich App 408, 420; 807 NW2d 77 (2011). Plaintiffs have failed to identify what further discovery would uncover and what the relevance might be, particularly given the availability of the police video of the event.

not read the Michigan Supreme Court's holding in Robinson as leaving room for such evidence. In other words, regardless of the officers' actions on the video, plaintiffs must still show, under *Robinson*, that the officers made physical contact with their vehicle or Walker's vehicle.

Plaintiffs cite a number of unpublished decisions of this Court in support of their argument, all of which support the trial court's holding. In *Ibrahim v Detroit*, unpublished per curiam opinion of the Court of Appeals, issued March 13, 2012 (Docket No. 301617),[3] p 2, the plaintiff was injured in a collision between his car and a car driven by Ivan Lazar, who was being pursued by the police. We affirmed the trial court's order granting summary disposition in favor of the defendant because there was no evidence that the police made physical contact with the Lazar's vehicle or that the police vehicle forced Lazar's vehicle off the road or into the plaintiff's car. *Id*. The same is true here.

In *Hartke v Oakland Co*, unpublished per curiam opinion of the Court of Appeals, issued October 23, 2003 (Docket No. 240097), p 1, the plaintiff was injured by a vehicle driven by Joseph Weeder, who was intoxicated and fleeing the police. In *Hartke*, we reversed the trial court's order denying the defendant's motion for summary disposition because, under *Robinson*, there was no contact between the police vehicle and Weeder's vehicle, and no evidence the police vehicle forced Weeder's vehicle off the road or into the plaintiff's vehicle. *Id*. at 2.

These cases demonstrate the application of *Robinson*'s holding and its relevance here. Plaintiffs neither alleged nor presented evidence that the officers' vehicle collided with Walker's vehicle or Sharyn's vehicle. Accordingly, we affirm the trial court's grant of summary disposition because the motor vehicle exception did not apply.[4]

Next, plaintiffs argue the trial court erred because defendants were not entitled to summary disposition regarding plaintiffs' claims of gross negligence by defendants. Plaintiffs argue that Horton and Evans were grossly negligent because they took the actions that they did despite knowing the risks posed by the pursuit.

Under MCL 691.1407(2), government employees are immune from suit unless they are grossly negligent:

> [E]ach . . . employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment . . . while acting on behalf of a governmental agency if all of the following are met:

---

[3] Unpublished cases are not binding but can be considered for their persuasive value. MCR 7.215(C)(1); *Reidenbach v Kalamazoo*, 327 Mich App 174, 187; 933 NW2d 335 (2019).

[4] In their brief, plaintiffs also assert that *Robinson* is inconsistent with the language of the GTLA. However, because our Supreme Court has not overruled *Robinson*, we are bound by it and must follow it. *In re AGD*, 327 Mich App 332, 340; 933 NW2d 751 (2019). Similarly, plaintiffs' reliance on *Fiser v Ann Arbor*, 417 Mich 461; 339 NW2d 413 (1983), is misplaced because the Michigan Supreme Court overruled that case in *Robinson*, 462 Mich at 445.

(a) The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) *The . . . employee's . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage*. [MCL 691.1407(2) (emphasis added).]

"Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "Proximate cause," in the context of MCL 691.1407(2), means "the one most immediate, efficient, and direct cause preceding an injury." *Robinson*, 462 Mich at 459. In *Robinson*, the Michigan Supreme Court held that officers pursuing a fleeing vehicle were not the proximate cause of the injuries sustained by the plaintiff but instead the conduct of the fleeing driver. *Id.* at 462. Indeed, the Court made it clear that a police officer's decision "to pursue does not constitute the negligent operation of a motor vehicle." *Robinson*, 462 Mich at 445.

Plaintiffs contend that Horton and Evans acted despite knowing the potential risks of engaging in a pursuit of Walker.[5] But this argument ignores the holding in *Robinson* that an officer's decision to engage in pursuit does not constitute negligence. Proximate cause is a legal, and not factual, determination. *Ray v Swager*, 501 Mich 52, 53; 903 NW2d 366 (2017). Proximate cause means "the *one* most *immediate*, efficient, and *direct* cause preceding an injury." *Robinson*, 462 Mich at 459 (emphasis added). The dashcam video shows that Walker lost control of his car while trying to maneuver around another vehicle at extremely high speeds. At the time of the collision, the police vehicle was several car lengths behind Walker. Indeed, there was such a distance between the two vehicles that the dashcam video does not even capture the crash. Walker, and not the officers, was the proximate cause of Sharyn's injuries.

Undeterred by *Robinson*, plaintiffs claim that the Michigan Supreme Court's holding in *Ray*—which they claim represents a shift in proximate cause jurisprudence—allows their negligence claim to continue. Specifically, plaintiffs assert discovery must take place to allow the trial court to identify which parties were negligent, since that is, in their view, a prerequisite for conducting the proximate cause analysis.[6] However, the Court in *Ray* made it clear that its holding was consistent with *Robinson*. *Ray*, 501 Mich at 70. Thus, it would be a pointless endeavor for the trial court to make findings whether the City defendants were a cause in fact of Sharyn's

---

[5] The Niles Police Department policies, which plaintiffs argue establish the City defendants' negligence, state that "officers should make every reasonable effort to apprehend the drivers of fleeing vehicles" and "weigh the hazard presented by the violator against that created by a vehicle pursuit." Contrary to plaintiffs' assertions, this language does not establish defendants acted negligently.

[6] In *Ray*, the Michigan Supreme Court stated: "[A] court must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Ray*, 501 Mich at 63-64 (internal citations omitted).

injuries if, by law, they cannot be the proximate cause of those injuries. *Robinson*, 462 Mich at 456-457.

Affirmed. Defendants, as the prevailing parties, may tax costs.

/s/ Michael J. Riordan
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle