*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACY FLEMMING,

        Plaintiff-Appellant,

v

THE TOBIN GROUP, LLC,

        Defendant-Appellee.

UNPUBLISHED
July 6, 2023

No. 360505
Wayne Circuit Court
LC No. 21-005545-NO

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

In this premises liability action, plaintiff Tracy Flemming appeals as of right the trial court's order granting summary disposition to defendant The Tobin Group, LLC. For the reasons stated in this opinion, we reverse.

## I. BACKGROUND

On or about May 5, 2018, plaintiff, a resident of Canterbury Woods Apartments located at 571 Tobin Drive in Inkster, allegedly suffered significant injuries after a defective closet door fell on her. Plaintiff subsequently filed a complaint alleging that (1) defendant owned, maintained, and controlled the apartment complex, (2) defendant owed a duty to plaintiff, as a tenant, to maintain and repair the premises, and (3) despite plaintiff's written notice regarding a defective closet door, defendant failed to address the repair request in a timely manner, which resulted in the closet door striking plaintiff.

On October 19, 2021, defendant moved for summary disposition under MCR 2.116(C)(10) (no genuine issue of material fact), even though discovery was not scheduled to end until March 15, 2022, per the trial court's scheduling order. Defendant asserted that it was entitled to summary disposition because it did not own, possess, manage or control the apartment complex at any time, relying on an affidavit from its corporate counsel, Benjamin Tobin, to that effect. The affidavit further averred that "[u]pon information and belief, the property was owned by Institutional Building and managed by Group Five Management during the time referenced in the complaint."

In response, plaintiff explained why The Tobin Group, LLC, was named as the defendant in this case. According to plaintiff, after providing notice of the closet door incident to the apartment complex's rental office, she received correspondences from Westfield Insurance Company. Westfield provided plaintiff a copy of the commercial insurance coverage policy in effect on the date of plaintiff's incident that named defendant as the insured. The insurance policy delineated the "[l]ocation of all premises owned by, rented to or controlled by the named insured" that were covered by the policy. This list included Canterbury Woods Apartments among many other apartment complexes. Per the terms of the insurance agreement, defendant also granted the insurance company the right to make inspections and surveys at any time at the listed properties, and to subsequently provide defendant with reports on the condition of the properties in addition to recommended changes. Relying on the insurance policy, plaintiff maintained that there was a question of fact as to whether defendant owned, managed or controlled the apartment complex and that further discovery was needed.

In a reply brief, defendant argued that the insurance policy did not create a material question of fact whether it owned, possessed or controlled the apartment complex. Defendant explained that in 2012 it issued a mortgage to Institutional Building Co, LLC, for property that contained Canterbury Woods Apartments. The mortgage agreement stated that Institutional Building "shall preserve and maintain the [m]ortgaged [p]roperty in good repair, working order and condition, excepting ordinary wear and tear, shall replace any [e]quipment which requires replacement, [and] shall procure all necessary utility services . . . ." The agreement provided that Institutional Building's sole member was the Marshall E. Tobin Trust. Defendant also submitted an affidavit of its manager, Michael Tobin, averring that defendant's interest in the apartment complex was limited to the mortgage interest based upon a loan to Institutional Building, and that defendant has never had an ownership interest or control of the apartment complex. Michael further averred that "[u]pon information and belief," that the property was owned by Institutional Building and managed by Group Five Management Company.[1]

Prior to the motion hearing, plaintiff noticed two depositions: one for the person most knowledgeable of the properties owned, managed or maintained by defendant, and one for the person most knowledgeable of defendant's Westfield insurance policy. The motion hearing was held on February 9, 2022, with still over a month remaining in discovery. Defendant's counsel acknowledged that Canterbury Woods Apartments has "a complex—slightly complex ownership situation," but indicated that no discovery was needed beyond the affidavits defendant had provided. After further argument, the trial court granted defendant's motion for summary disposition, finding there was no genuine issue of material fact under MCR 2.116(C)(10) because

---

[1] We take judicial notice of the fact that in an appeal before this Court, Michael Tobin was identified as the president of Group Five Management Company; that case also involved Canterbury Woods Apartments. See *Tackett v Group Five Mgt Co*, unpublished per curiam opinion of the Court of Appeals, issued December 8, 2011 (Docket Nos. 296805, 296819); p 6 (reversing a grant of summary disposition to the defendant in a Whistleblower's Protection Act case).

it was clear from the documents provided by defendant that it did not own the apartment complex and that the ownership issue was dispositive.

## II. ANALYSIS

Plaintiff argues that the trial court erred by granting summary disposition before discovery was completed. We agree.[2]

"Michigan has a broad discovery policy that permits the discovery of any matter that is not privileged and that is relevant to the pending case." *Arabo v Mich Gaming Control Bd*, 310 Mich App 370, 398; 872 NW2d 223 (2015) (quotation marks and citation omitted). "Generally, a motion for summary disposition is premature if granted before discovery on a disputed issue is complete. However, summary disposition may nevertheless be appropriate if further discovery does not stand a reasonable chance of uncovering factual support for the opposing party's position." *Oliver v Smith*, 269 Mich App 560, 567; 715 NW2d 314 (2006).

Plaintiff argues that she should have been permitted to conduct further discovery to determine whether defendant had ownership, possession or control of the apartment complex. As noted, over a month before the discovery period was set to expire, plaintiff filed two notices of depositions related to defendant's insurance policy and the properties owned, managed or maintained by defendant. This sought discovery was relevant to the ownership of the apartment complex and whether defendant has exerted possession or control over the complex. Further, plaintiff had identified independent evidence that there was a dispute over these issues. See *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009) ("[A] party opposing summary disposition cannot simply state that summary disposition is premature without identifying a disputed issue and supporting that issue with independent evidence."). Specifically, the insurance policy, which was provided to plaintiff after she reported the underlying incident to the renter's office, states that the apartment complex was "owned by, rented to, or controlled by the named insured[,]" i.e., defendant. This amounts to an admission by defendant that it is either the owner, lessee or controller of the premises. Further, per the insurance agreement, defendant granted the insurance company the right to make inspections and surveys of the property at any time. Defendant's apparent right to allow access to the property is indicative of possession and control of the premises. For these reasons, it cannot be said that there is "no reasonable chance that further discovery will result in factual support for

---

[2] A trial court's decision on a motion for summary disposition is reviewed de novo. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52; 684 NW2d 320 (2004). When reviewing a motion under MCR 2.116(C)(10), the court considers the affidavits, depositions, pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the nonmoving party. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

the nonmoving party." *Randall v Mich High Sch Athletic Ass'n*, 334 Mich App 697, 727; 965 NW2d 690 (2020).

Defendant maintains that summary disposition was appropriate because the affidavits and mortgage agreement show that defendant merely has a mortgage interest in the property. However, even assuming that defendant has no ownership of the apartment complex, that is not grounds for summary disposition in a premises liability case. For a party to be subject to premises liability, "the party must possess and control the property at issue but not necessarily be its owner." *Finazzo v Fire Equip Co*, 323 Mich App 620, 627; 918 NW2d 200 (2018) (emphasis omitted). See also *Merritt v Nickelson*, 407 Mich 544, 552; 287 NW2d 178 (1980) ("Premises liability is conditioned upon the presence of both possession and control over the land."). "Ownership alone is not dispositive," *Oriel v Uni-Rak Sales Co, Inc*, 454 Mich 564, 568; 562 NW2d 241 (1997), and the trial court erred by reaching a contrary conclusion in this case.

Defendant also argues that it does not have possession or control of the apartment complex. Defendant has provided two affidavits, one from corporate counsel Benjamin Tobin and one from manager Michael Tobin, asserting that the apartment complex is owned by Institutional Building and managed by Group Five Management Company. While the mortgage agreement supports defendant's claim regarding Institutional Building, no additional information is known about Group Five Management Company, whose president, at least at one point, appears to have been the same Michael Tobin. See *Tackett v Group Five Mgt Co*, unpublished per curiam opinion of the Court of Appeals, issued December 8, 2011 (Docket Nos. 296805, 296819); p 6. Moreover, for the reasons discussed, the insurance policy indicates that defendant has some de facto possession or control over the premises.

To be clear, we are not at this time applying the standards governing motions brought under MCR 2.116(C)(10) or determining whether defendant had sufficient possession and control over the apartment complex such that it may subjected to premises liability in this case. Rather, we hold that defendant's dispositive motion was prematurely decided. Plaintiff was seeking discovery on disputed issues before the discovery period had expired, and there was independent evidence supporting plaintiff's claims. Under these circumstances, the trial court erred by granting summary disposition before discovery was completed.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates